No. 7168.

## HAMILTON *v.* NAYLOR ET AL.

MECHANIC'S LIEN.—*Who may have Lien.*—Persons furnishing material for, or performing labor upon, a building, may have a lien therefor, though furnished not to the owner, but to his contractor.

Hamilton *v.* Naylor *et al.*

SAME.—*Statute Construed.*—*Notice, Time of Filing, Time of Commencement of Action to Enforce Lien.*—By sections 650 and 651 of the statute, 2 R. S. 1876. p. 268, in regard to the enforcement of mechanics' liens, one who builds a complete and entire building for another, whether he furnished the materials or not, may acquire a lien thereon, by filing his notice thereof, within sixty days after the completion of such building, and may bring his action to enforce such lien, at any time within a year from such completion.

SAME.—One who performs work on, or furnishes materials for, a part only of a building, must file his notice of intention to hold a lien within sixty days from the completion of the work or the furnishing of materials, and must bring his action to enforce the same within a year from the completion of such work or the furnishing of such materials, unless credit therefor be given.

WOODS, J., dissents.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool, S. Claypool, W. A. Ketcham* and *L. Newberger,* for appellant.

*C. Roehl,* for appellees.

WORDEN, J.—Complaint by the appellant against the appellees, as follows :

"James Hamilton complains of William N. Naylor, Bazil McCann and John H. Lillie, and says that the defendant William N. Naylor is indebted to the plaintiff in the sum of eleven hundred and eighteen dollars and ninety cents, for work and labor done and materials furnished for the construction of a house for said defendant William N. Naylor, and at his instance and request, on lot number thirty-three (33) in the town of East Connersville, in the county of Fayette, in the State of Indiana, during the years 1874 and 1875, by the late firm of Hamilton & Naylor, which said firm was composed of the plaintiff, James Hamilton, and the defendant William N. Naylor, a bill of the particulars of which is filed herewith marked A. And plaintiff avers that afterward, to wit, on the 17th day of June, 1876, at 8 o'clock in the forenoon of said day, the said James Hamilton and William N. Naylor, late partners in trade under the firm

name of Hamilton & Naylor, and within sixty days after the completion of the house upon which the work and labor was done and the materials furnished, as set forth in said bill of particulars, in and upon the erection and construction and building of a certain dwelling-house upon lot number thirty-three in the town of East Connersville, county of Fayette, in the State of Indiana, as laid out by Bazil McCann, filed · in the recorder's office of Fayette county; in the State of Indiana, a notice of their intention to hold a mechanic's lien on said lot numbered thirty-three and the house thereon situate, for the sum of eleven hundred and eighteen dollars and ninety cents, which said notice was by the recorder of said county of Fayette, and State of Indiana, on the said 17th day of June, A. D. 1876, duly recorded on pages 121 to 124 of book A of the records for mechanics' liens for said county, a copy of which notice and recording is filed herewith marked B, and made a part hereof. And afterward, to wit, on the 17th day of March, 1877, said William N. Naylor assigned, transferred and delivered to plaintiff all his right, title and interest in and to said account and notice of lien, copies of which marked C and D are filed herewith and made a part hereof; which said sum of eleven hundred and eighteen dollars and ninety cents is now due and unpaid; and the plaintiff avers that said Bazil McCann and John H. Lillie hold or pretend to hold a claim or title to said real estate, and they are hereby made parties defendants to answer as to any interest or claim they have or pretend to have to said real estate, or any part thereof. Wherefore," etc.

Judgment was demanded against Taylor for $1,500, and that a lien therefor upon the property be adjudged and enforced. The notice of the lien, a copy of which was filed with the complaint, contained an itemized account, running from August 29th, 1874, to February 9th, 1875. The account consisted of various items of lumber of different kinds, and some other building materials, and a large num-

ber of days' work.   The last item was for dressing 252 feet of lumber, $1.00.

On motion of McCann and Lillie parts of the complaint were struck out, and a demurrer filed by them, for want of sufficient facts, to the complaint as thus cut down, was sustained, and the plaintiff excepted.   Final judgment was rendered in favor of McCann and Lillie, and the plaintiff took a personal judgment against Naylor for his debt, he not having answered.

Error is assigned upon the ruling of the court in striking out parts of the complaint, and in sustaining the demurrer thereto.

We have transcribed the complaint as it originally stood, and have not thought it necessary to consider separately the question arising on the striking out of parts thereof ; because, if the demurrer should have been sustained, had no portion been struck out, no harm was done by striking out.

Two points are made by the appellees McCann and Lillie, as we understand the brief of counsel :

First.   That Naylor could not acquire a mechanic's lien on his own property ; and, therefore, Hamilton & Naylor, as partners, could not acquire such lien ;

Second.   That the action to enforce the lien was not brought within the time provided for by the statute.

We express no opinion upon the first point.   The last one seems to us to be well taken.   The last item in the account, as we have seen, was of the date of February 9th, 1875, and this action was not brought until March 23d, 1877.

Section 651 of the code provides that "Any person having such lien, may enforce the same by filing his complaint in the circuit court, or court of common pleas of the county where the work was done or materials furnished, at any time within one year from the completion of the work or furnishing the materials or if a credit be given, from the expiration of the credit."

No credit appears to have been given in this case, which should have been shown had any been given. We construe the language of the above statute, "at any time within one year from the completion of the work," as meaning at any time within one year from the completion of the work *for which the party claims the lien*, and not within one year from the time the entire building may be completed. Persons furnishing materials for, or performing labor upon, a building, may have a lien, though furnished not to the owner, but to his contractor. *Colter* v. *Frese*, 45 Ind. 96.

In perhaps a majority of cases, the owner contracts with different persons to furnish the labor or materials, or both, for the different parts of a building. Thus, the stone-mason may perform a part, the brick-mason a part, and the carpenter and joiner a part; while the tinner, plasterer, paper-hanger and painter may each perform such parts as come within his peculiar line of business. Each person doing work or furnishing materials may have his lien. And it seems to be clear that the Legislature intended in all such cases that the action to enforce the lien should be brought within a year from the time when such persons respectively completed their work, or furnished the materials, where no credit was given.

In other cases, the owner contracts with the builder for the construction of an entire building; and in such case the contractor has a year from the time the building is completed within which to bring his action to enforce the lien, for in such case, until the building is completed, his work is not done.

Some obscurity exists in the statute growing out of the peculiar language of section 650, providing how the lien shall be acquired. It provides that "Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs,

notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed,'' etc.

The language seems to have peculiar reference to liens to be acquired by persons *completing an entire building*, or making repairs.

We do not think, however, that it was intended by the legislature that a person doing some work only on a new building, and not constructing the entire building, or furnishing some of the materials only, might acquire a lien by filing his notice within sixty days after the completion of the building, where that period extends beyond sixty days from the time *his* work was completed, or his materials were furnished. If he could do so, he might, in many cases, acquire a lien years after his work was done, or his materials were furnished.

Such a construction would enable one to acquire a lien years after the time when the action is required to be brought to enforce it, as provided for by section 651. This would follow, unless, indeed, we could hold that by section 651 persons furnishing work or materials for a part, and not for the entire building, could bring their action to enforce their lien at any time within a year after the entire completion of the building, though that might be more than a year after their work was done or their materials furnished. The section does not admit of such construction.

Taking the several provisions of the statute together, and construing them, as far as possible, so as to make a consistent whole, we think the following propositions may be deduced from them as the intent of the Legislature upon the point here involved :

1st. Where a person builds a complete and entire building for another, whether he furnishes the materials or otherwise, he may acquire a lien by filing his notice within sixty days after the completion of the building ; and he may, of

course, bring his action to enforce the lien at any time within a year from the completion of the building, for, until its completion, his work is not done.

2d. Where one performs work on, or furnishes materials for, a part only of a building, he must file his notice of intention to hold a lien within sixty days from the completion of his work or the furnishing of materials, and must bring his action to enforce it within a year from the completion of his work or the furnishing of the materials, unless credit be given.

In this case the irresistible inference from the items set out in the notice of the lien is, that the work done and the materials furnished were not sufficient to embrace the entire construction of the building. Indeed, the notice of the lien does not purport to be for the entire construction of the building, but only for certain days' labor and specified materials. The action was brought too late.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.

### DISSENTING OPINION, ON THE PETITION FOR A REHEARING.

WOODS, J.—I am unable to concur in the second proposition stated in the opinion delivered in this case.

Section 647 of the code gives the right to obtain a mechanic's lien.

Section 650 prescribes the manner of obtaining the lien.

Section 651 provides for the enforcement of the lien.

The decision is, that because the complaint to enforce the lien must, under section 651, be filed "within one year from the completion of the work or furnishing the materials," the "sixty days after the completion of the building or repairs," within which, by section 650, notice of intention to hold a lien is allowed to be filed, must, as to any one who "performs work on, or furnishes materials for, a part only of a

building," be construed to mean "within sixty days from the completion of his work or the furnishing of his material." This construction could not be placed on the language of section 650, standing by itself. Such meaning is not deducible from it, and exists, if at all, only by being forced upon it. Does section 651 require this construction? I do not think so. If any restriction upon the literal meaning of the words used in the former section is necessary to harmonize it with the latter, and if it be conceded that the manner of acquiring the right should not be allowed to transcend the scope of the prescribed remedy, yet it does not seem necessary to go to the extent of the second proposition, as laid down in the opinion.

That proposition ought to be modified so as to read substantially as follows: "2d. Where one performs work on, or furnishes material for, a part of a building only, he may file his notice of intention to hold a lien within sixty days after the completion of the building or repairs, provided he file the same within the year allowed for filing his complaint to enforce his lien, but he may not file such notice of lien after the expiration of the year allowed for bringing suit thereon."

This construction, while it restricts the meaning, does not blot out, or substitute other words for, the words of either section, and, while it perhaps does not require a different result in the case, does require a modification of the grounds on which the decision is based, and a limitation of its scope.

Without further consideration, I am not prepared to say that the literal meaning of the language plainly used in section 650 ought to be restricted at all in order to harmonize it with section 651. The latter section, with perhaps less violence to its words, can be harmonized with the former, by reading it so as to require that the complaint be filed within one year from the completion of the whole work (or building) or furnishing the materials (all the materials)

therefor. This certainly does no more violence to the plain words used than is done by the effort to reconcile in the other direction; and, while this tends to enlarge the remedy, the other invades and restricts, and, in some supposable cases, which, for a time at least, may be both real and numerous, destroys the right. It is objected, however, that "such a construction would enable one to acquire a lien years after the time when the action is required to be brought to enforce it, as provided for by section 651." The construction suggested would extend the time for suit so as to permit the enforcement of every lien saved under the former section. This, of course, would not be construed to affect the general statute of limitations, and if the holder of an open account for work or material, neglected to enforce it within the six years, his claim would be barred by that statute.

One more suggestion. Sections 647 and 650, when complied with, give a complete right, a lien. If section 651 had not existed or were blotted out, the right would not be destroyed, and the holder of it would not be without remedy. The circuit courts would have as ample power to enforce the right of lien, so given, as they have over a vendor's lien for the price of real estate. Now, section 651 does not say that the holder of a mechanic's lien must enfore the same by filing his complaint, etc., but that he "may enforce the same," etc. Now, when a special statute gives a right and well defined limits of time within which, by certain steps, to save it, but permits a remedy which, by its terms, does not embrace all cases of the right, must it be said that the courts, under their general jurisdiction, can not give a remedy in such cases as do not come within the special but inadequate permissive remedy given by the statute? The right, being purely statutory, of course can be acquired only by a compliance with the terms of the statute, and where an adequate remedy is given by the statute, it is without doubt to be

deemed to be exclusive of other common-law or equitable relief, but no good reason can be given, it seems to me, for saying that the owner of a statutory right, given in explicit and unequivocal terms, must be confined to a remedy which in terms is permissive and not mandatory, unless it is as broad as the right, and comprehensive enough to embrace all cases of the right.

On page 76 of Sedgwick on the Construction of Statutory and Constitutional Law, the following language is used: "Where by statute a new offence is created, and a penalty is given for it, or a new right is given and specific relief given for the violation of such right, the punishment or remedy is confined to that given by the statute. 'Where a new right,' says the Supreme Court of New York, 'or the means of acquiring it, is conferred, and an adequate remedy for its invasion is given by the same statute, parties injured are confined to the statutory redress.' Sometimes, however, doubts will arise as to whether the statute does or does not intend to take away the common-law remedy, and the answer will depend on the subject-matter. So, where the charter of a turnpike corporation provided that any person guilty of certain injuries to the road, as breaking down gates or digging up earth, should forfeit and pay a fine of fifty dollars, it was held that this provision was not intended to take away any common-law remedies for such injury or obstruction, upon the ground that the penalty fixed by the charter was, in many cases that might occur, wholly inadequate to indemnify the company. *Salem Turnpike & C. B. Co.* v. *Hayes*, 5 Cushing, 458.

"Where a statute does not vest a right in a person, but merely prohibits the doing of some act under a penalty, in such a case, the party violating the statute is liable to the penalty only; but where a right of property is vested in consequence of the statute, it may be vindicated by the common-law remedy of action, unless the statute expressly

confines the remedy to the penalty. So in Massachusetts, where a party was sued for obstructing the passage of fish up a river, it was objected that the franchise of the plaintiff in the fishing was created by a statute, and that as the same statute imposed a penalty for the infringement, the plaintiff's remedy was confined to the penalty ; but the objection was considered bad, and it was held that the plaintiff was at liberty to sue at common law for the injury done to his franchise.'' See ibid, p. 341, 342, and notes. Potter's Dwarris on Statutes, p. 275 and note 5 ; *Beckford* v. *Hood*, 7 T. R. 616, 620.

It may be said that the use of the phrase ''adequate remedy'' in the cases where used was mere *dictum*, but it is equally true that the cases wherein the rule is laid down, that the party having such a right can have no other remedy, nor in any other tribunal, than the one provided, were cases where the remedy provided was adequate and the tribunal competent. If there is any exception to this proposition, it has not been observed among the many cases examined.

But, whatever the merits of this inquiry, it seems clear that the right given and secured under sections 647 and 650 of the statute should be enforced in every case where the notice has been filed within the year during which, under section 651, suit may be brought. There is no need of carrying the attempt to harmonize the different sections further than this, and to stop at this may save the rights of parties in many cases wherein the steps taken to secure their liens, though taken after 60 days from the doing of the work or furnishing the materials, were justified by the previous rulings or intimations of this court. I think the rehearing should be granted.