### No. 5352.

### THE CITY OF CRAWFORDSVILLE *v.* BOOTS ET AL.

PRACTICE.—*Motion to Strike Out.*—*Pleading.*—As a rule, no available error is committed in overruling a motion to strike out a pleading or parts thereof.

MECHANIC'S LIEN.—*Notice.*—*Pleading.*—Although the complaint to foreclose a mechanic's lien does not directly allege that the notice was filed within sixty days from the time of furnishing the material for the build-

ing, but does show, in connection with a copy of the notice filed therewith, that the notice was filed within the time, the complaint is sufficient.

SAME.—*Description of Premises.*—A description in such notice, "a part of lot No. 110, as the same is designated on the original plat of the town, now city, of * *, and the building situated thereon, lately erected, known as the city building * * * , for material furnished in the erection of said building," etc., is a sufficient description of so much of the lot as was covered by the building.

CONVEYANCE.—A conveyance of a building conveys the land under the building.

From the Montgomery Circuit Court.

*W. P. Britton, M. W. Bruner* and *E. C. Snyder,* for appellant.

*P. S. Kennedy* and *W. L. Brush,* for appellees.

WOODS, J.—Finding and judgment for the appellees, upon a complaint to enforce a lien for the price of materials furnished toward the construction of a building for the appellant.

The appellant has saved exceptions to the overruling of a motion to strike out parts of the complaint, and to the overruling of a demurrer to each paragraph of the complaint, for want of facts stated sufficient to constitute a cause of action.

As a rule, there can not be available error in overruling a motion to strike out a pleading or part thereof; and the finding and judgment being manifestly based upon the second paragraph of the complaint, the first need not be considered. *Trammel* v. *Chipman,* 74 Ind. 474.

Two objections are made to the second paragraph of the complaint:

1st. That the notice of intention to hold a lien does not contain a sufficient description of the premises;

2d. That it is not shown that the notice was filed within sixty days after the completion of the building.

In the case of *Hamilton* v. *Naylor,* 72 Ind. 171, it was held (the writer dissenting), that where one performs work on, or furnishes material for, a part only of a building, he

must file his notice of intention to hold a lien within sixty days from the completion of his work, or the furnishing of his material. Under this rule, the second objection, as stated, is not in terms material or relevant. We will add, however, that, while the paragraph under consideration does not directly allege that the notice was filed within sixty days from the time of furnishing the material, it does show that the notice was filed on the 1st day of March, 1873, and the copy of the notice, which was filed with and constitutes a part of the pleading, shows that the materials were furnished during the months of November, December and January preceding, January 10th being the date of the last item. We therefore hold the complaint good as against the objection made to it in this respect.

The description of the premises contained in the notice is as follows: "A part of lot No. 110, as the same is designated on the original plat of the town, now city, of Crawfordsville, and the building situated thereon, lately erected, known as the City Building or Engine   *   *  , for material furnished in the erection of said building," etc. This we deem a sufficient description of so much of the lot as was covered by the building, which is sufficiently described. The conveyance of a building conveys the land under the building. *Endsley* v. *The State, post*, p. 467. A description not essentially different was upheld in the case of *The City of Crawfordsville* v. *Johnson*, 51 Ind. 397. This disposes of all the questions adverted to in the brief of the appellant.

The judgment is affirmed, with costs.