Cuppy v. O'Shaughnessy.

---

No. 8293.

## CUPPY v. O'SHAUGHNESSY.

PLEADING.—*Departure.*— *Verdict.*—*Judgment.*—The complaint alleged ownership of a town lot and a building thereon, and that the defendant, without right, was about to remove the building, to the irreparable injury of the plaintiff. Wherefore, etc. Answer, that the defendant had leased the lot from the plaintiff, with the right to erect the building, and

remove the same; that, while in possession and after written notice to quit, he was about to remove the building, as alleged in the complaint. Reply: 1. General denial. 2. That under a judgment against the plaintiff and defendant foreclosing a mechanic's lien upon the building and lot, for an indebtedness incurred by the defendant for materials for building, the same had been sold at sheriff's sale, and that in order to save his title to the lot the plaintiff had purchased the sheriff's certificate of sale and still holds it.

*Held,* that the reply was a departure, and a demurrer to it should have been sustained.

*Held,* also, that a verdict, finding that "the plaintiff has a lien on the building and lot for $119.40," did not warrant a judgment for either party, and should have been set aside.

PLEADING.—*Estoppel.*—The facts admitted by a demurrer to a pleading must be taken as true against, as well as in favor of, the pleader.

From the Benton Circuit Court.

*M. H. Walker, I. H. Phares, J. M. Larue* and *F. B. Everett,* for appellant.

*D. Smith, I. H. Calais* and *G. Wadsworth,* for appellee.

WOODS, J.—The appellant, who was the defendant below, has assigned error upon the overruling of his demurrer to the second paragraph of reply, and of his motions, respectively, for a *venire de novo,* and for a new trial.

The complaint is in one paragraph, and charges, in substance, that the plaintiff is the owner in fee simple of lots 213 and 215, in the town of Templeton, Benton county, Indiana, together with a frame building thereon situate and the appurtenances thereunto belonging; that the defendant, without legal or equitable right, is threatening to remove, and unless restrained will remove, said building from the premises, and that the plaintiff will sustain irreparable injury and great damage if the defendant should carry out his threats. Wherefore, etc.

Besides the general denial, the answer contains a paragraph to the effect following, namely:

That on the first day of March, 1877, the plaintiff made a written lease of the lots mentioned in the complaint to the defendant for the period of one year, by the terms of which lease the defendant had the privilege of erecting on the lots a one-story frame building and all fences necessary for his busi-

ness, with the right at any time to remove the house and improvements, at the defendant's option; that he did accordingly erect on the lots the house in question, and after the expiration of the lease, to wit, on the ―― day of ――, 1878, and while in possession of the premises, upon written notice received from the plaintiff to vacate the premises and remove the house and other improvements, he accordingly entered upon the premises to remove the house, and thereupon the plaintiff commenced this action. Wherefore, etc. A copy of the lease, corresponding in terms to the allegations of the plea, in respect to the privilege of erecting and removing the building, is made an exhibit.

The reply consists of a general denial, and a second paragraph substantially as follows:

Admitting the lease of the premises as averred, and the erection of the building by the defendant, the plaintiff alleges that the defendant purchased the lumber and other materials used in its construction expressly for such use, of the firm of Smith & Haver, and on the 2d day of May, 1877, became indebted to said firm, for the lumber and materials so furnished and used, in the sum of $133; that, within sixty days after the completion of the building, Smith & Haver filed in the office of the recorder of the county a notice that they intended to hold a mechanic's lien for said sum upon the building and lots, which notice was duly recorded; that at the September term, 1877, of the Benton Circuit Court, and within one year after the recording of the notice, Smith & Haver commenced an action against the plaintiff and one Frank Woods, to foreclose their lien on said lots and building, and to recover judgment for the sum due them; that on the 4th day of September, 1877, a judgment (by default) was rendered against the plaintiff for said sum, and a decree for the sale of the property for the satisfaction of the lien, upon which decree and judgment an execution was duly issued to the sheriff of the county, whereby, after due notice, the sheriff did, on the 15th day of December, 1877, sell the property to Smith & Haver, in sat-

isfaction of their demand and costs, and gave them a certificate of such sale, which certificate the plaintiff afterward purchased, for the purpose of saving his lots, and still owns the same, having paid therefor the full amount of principal, interest and costs. Wherefore he prays that the defendant be enjoined perpetually from removing the said building, or that, before he be allowed to remove it, he be compelled to repay to the plaintiff the amounts by him expended by reason of said foreclosure and in the purchase of said certificate.

In accordance with the peremptory direction of the court, the jury returned a verdict, which, omitting the title of the cause and signature of the foreman, is as follows:

" We, the jury, find for the plaintiff, that he has a lien upon the frame building on lots 213 and 215, in the town of Templeton, in Benton county, Indiana, for $119.40."

This verdict and the judgment rendered upon it are a clear departure from the complaint. Had the defendant failed to answer, or permitted judgment to go by default, it is manifest that no such relief could have been granted. None such is prayed for, and no right is asserted to which it is pertinent. Any process of pleading which leads to the granting of relief to the plaintiff which could not be adjudged upon the complaint itself, is necessarily a departure. The verdict before us finds nothing in favor of the plaintiff except the alleged lien. This being outside of the issue tendered by the complaint, it follows that the motion for a *venire de novo* should have been granted.

As against the answer in general denial, the plaintiff was bound to prove not only his alleged ownership of the building, but also of the lots on which it stood, or, at least, to show a right to have the building remain on the lots; for it is evident, that if the plaintiff owned the building, but had no right to have it stand where it was, he could not be entitled to an injunction against its removal by the defendant, unless, possibly, by showing that the defendant was acting as a mere trespasser and without authority from the owner of the lots. But, while silent in respect to these essential facts, the ver-

dict, by finding that the plaintiff has a lien upon the building, raises the necessary implication that he was not the owner of the building. It is not, however, such a special verdict as to warrant a judgment upon it in favor of the defendant, and should, therefore, have been set aside.

It follows from what has been said that the demurrer to the second paragraph of the reply should have been sustained. It is proper, however, that we state our views of that pleading directly and more distinctly.

The paragraph admits the truth of the answer to which it is addressed, alleges that the materials were purchased and the building erected by the defendant, and thus undertakes to avoid the defendant's consequent right to remove the building, by setting up the proceedings whereby a mechanic's lien was foreclosed and the property sold to Smith & Haver, who had transferred their certificate of purchase at the sheriff's sale to the plaintiff. If, upon the facts stated in the reply, the defendant's title to the building was divested and transferred to the plaintiff, the reply is good, because it supports the title alleged in the complaint; but if the plaintiff, by purchasing the certificate, acquired only a lien upon the property, the legal title remaining in the defendant, then, like the verdict, the reply is a departure from the complaint.

As a mere lien-holder the plaintiff might be entitled to an injunction against the removal and destruction of the property, and consequent impairment of his security. But, in order to obtain such relief, he must declare upon his right as a lien-holder, and not as the owner.

It is clear upon the facts stated in the reply, that the foreclosure of the alleged lien and the sale made by the sheriff did not affect the title of the defendant to the house, for the one sufficient reason that the defendant was not made a party to the suit. The counsel for the appellee have confused the discussion on this point, by going outside of the pleading to refer to the evidence.

It is a question of pleading alone, and, it being admitted in

the reply that the defendant built the house and incurred the debt for the materials, a reference to the evidence, for the purpose of showing that another did these things, and that therefore the defendant was not a necessary party to the foreclosure, is not permissible. A demurrer admits the truth of the facts set up in the pleading demurred to, and, for the purpose of determining the correctness of the ruling upon the demurrer, the facts so admitted must be taken as true against, as well as in favor of, the pleader. The estoppel is mutual.

If, therefore, the plaintiff acquired any right against the defendant, by his purchase of the sheriff's certificate of sale, as stated in the reply, it was the right to be subrogated to the original claim of Smith & Haver, subject to all defences of the appellant, as if never foreclosed. Holding such a lien, the plaintiff could foreclose it, if valid, by a direct suit for that purpose, but not in the manner which was permitted in this case.

The facts alleged in the reply, however, do not show that Smith & Haver acquired a valid lien against the defendant's house. In the recent case of *Hamilton* v. *Naylor*, 72 Ind. 171, which has been approved and followed in later cases (the writer of this opinion dissenting), it is held that one who furnishes material for a part only of a building must file his notice of intention to hold a lien within sixty days from the furnishing of the material, and must bring his action within one year from the same time, unless a credit be given. The allegations of the pleading under consideration do not conform to this rule; and, as the defendant was not made a party to the alleged foreclosure, he is not estopped by the decree, and may dispute the validity of the lien.

It is not material that the other questions discussed by counsel should be considered.

The judgment is reversed, with costs, and with instructions to sustain the demurrer to the second paragraph of reply.