### BARRETT *v.* KLING.

*(City Court of Brooklyn, General Term.   October 26, 1891.)*

1. APPEAL—REVIEW—MISCONDUCT OF REFEREE.

Alleged misconduct of the referee on the trial of a cause will not be considered on appeal from the judgment entered on his report, when such misconduct is not shown otherwise than by statements in the brief of counsel, and no motion to vacate the order of reference was made therefor.

2. SAME—FINDINGS OF FACT.

Under Code Civil Proc. N. Y. § 992, which forbids exceptions to rulings on questions of fact, no exceptions to findings of fact by a referee are necessary to enable an appellant to raise the objection that such findings are against the weight of evidence.   *Porter* v. *Smith*, 107 N. Y. 531, 14 N. E. Rep. 446, followed.

3. PARTNERSHIP—DISSOLUTION—ACCOUNTING.

On an accounting of partnership affairs, money received by the copartnership, and not accounted for on its books, and copartnership debts paid by the receiver which did not appear on its books, were charged by the referee against the partner who had full control of its financial management, and sole power to sign checks and disburse money; but it appeared that the entries in the books were made not

only by him, but also by a representative of the other partner and by a book-keeper employed by both, and that moneys due the firm were received by the three indiscriminately; and there was no evidence that the firm did not receive the benefit when the debts so paid were incurred. *Held,* that it was error to charge these items against the managing partner only.

Appeal from judgment on report of referee.

Action by Ann Barrett against Martha Kling, as administratrix, etc., for an accounting of the affairs of a copartnership between plaintiff and defendant's intestate. From a judgment for plaintiff rendered on trial before a referee, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

*Wm. Lane O'Neill,* for appellant. *Hirsh & Rasquin,* for respondent.

CLEMENT, C. J. This case was tried before a referee, and judgment rendered in favor of the plaintiff. The counsel for the appellant has devoted four pages of his brief to a review of the conduct of the referee. There is nothing in the case to show, or tending to show, any misconduct on his part, and there is nothing to show that the alleged facts ever occurred, except the statement of counsel. We do not understand why a lawyer, after a case is decided against his client, should go out of his way to make a personal attack on the officer who so decided the case. If it was necessary to protect the reputation of the referee in this case, we should order that the first four pages of the brief of the counsel for appellant be suppressed as scandalous. If the referee conducted himself as stated, the defendant should have moved to vacate the order of reference, and not have waited until after an adverse decision before disclosing the charges to the court. The defendant filed no exceptions to the findings of fact. Exceptions were filed as to each decision of law, and three requests to find were made: (1) That the partnership should be dissolved; (2) that the testimony showed that the defendant was entitled out of the assets to $3,587 or $2,014.50; (3) that judgment should be rendered in favor of defendant, with costs.

No exceptions have been filed to the refusal of the referee to find the second and third requests. The counsel for the plaintiff contends that there is nothing before the court for review, except the question whether the findings of fact justify the conclusions of law. He also contends that this court has no power to review the findings of fact, or to determine whether they are against the weight of evidence. It appears from the certificate of the referee that the case contains all the testimony, and we hold, on the authority of *Porter* v. *Smith,* 107 N. Y. 531, 14 N. E. Rep. 446, that, under the new Code, no exceptions to findings of fact are necessary to enable the appellant to raise the question that such findings are against the weight of evidence, provided it appears that the case contains all the testimony. See, also, *Porter* v. *Smith,* 7 Civil Proc. R. 195; *Mead* v. *Smith,* 3 Civil Proc. R. 171.

After a very careful review of the record in this case, we are of the opinion that two material findings of fact are clearly against the weight of evidence, and that the testimony was insufficient to justify either of said findings. The referee has charged the defendants with the sum of $2,905.55 for money received by the copartnership and not accounted for, and for $1,778.98 for debts paid by the receiver, the excess of debts which did not appear on the books of the copartnership. The referee substantially holds that Mr. Kling was bound by the books; that, if money received was not entered in the books, or if debts due by the firm were not entered, the estate of Kling, who is now dead, must be held liable for the same. While it is true that, by the articles of copartnership, Kling was to have full control of the financial management of the business, and was to have sole power to sign checks and disburse money, yet it appears that entries in the books were made, not only by Mr. Kling, but by Mr. Barrett, the representative, in the business of the plaintiff, and by the

book-keeper. During the entire time when it is charged that the books were incorrectly kept, Mr. Barrett had access to the same, and repeatedly examined them. The moneys due the firm were received by Kling, Barrett, and the book-keeper indiscriminately. That the books were carelessly and incorrectly kept is undisputed, but we do not think that the estate of Kling should be charged with the errors which appear in the book, without evidence to connect him with such errors. The book-keeper was employed by the firm, and not by Mr. Kling, and he collected moneys due to the firm. Suppose he retained the collections, Mr. Kling would not be liable. If the book-keeper made mistakes or was dishonest, Barrett was as responsible for his faults as Kling, because he was employed by both partners. The referee has charged the Kling estate with all the debts which were paid by the receiver, and which did not appear in the books. There is no evidence that the debts were not just, or that the firm did not receive the benefit when such liabilities were incurred. If the firm received the benefit, why should the one partner be charged with the debt? The referee erred in assuming from the evidence that Kling was liable for all amounts which did not appear in the books. For the errors in such books Barrett was equally in fault with Kling. It seems unnecessary to prolong the discussion of the question, and, for the errors before stated, the judgment should be reversed on the law and the facts, the order of reference vacated, and a new trial granted, costs to abide the event. All concur.