CULLEN, J.
This action is to enforce a mechanic’s lien, and the appeal of the defendant the board of education raises only questions of fact. It may not necessary that the defendant should file any exceptions to the findings of facts made by the trial court. The certificate that the case contains all the evidence given on the trial is sufficient to enable this division of the court to review those findings. Porter v. Smith, 107 N. Y. 531, 12 St. Rep. 479 Barrett v. Kling (City Ct. Brook.) 16 N. Y, Supp. 92.
The plaintiff contracted with the appealing defendant for the construction of a schoolhouse. The contract provided for five payments. After the fourth payment had been made the appellant ejected the plaintiff from the premises, and itself had the building completed. The special term found that the action of the appellant in taking the work from the plaintiff was justified by the persistent delays in the prosecution of the work. The evidence supports this conclusion. While the plaintiff ordinarily would be obliged to show a substantial performance of his contract, which was an entire one, this was not necessary in the present case, for the appellant did not assume to rescind the contract for the plaintiff's misconduct, but under a provision of the contract to the complete the work on his account. But, while the plaintiff was thus-not precluded from a recovery by the fact that he did not completely perform his contract, he was only entitled to recover whatever balance might be due him after crediting the appellant forthesum paid for the completion of the work. The amount of the last payment was $2,654.43. The appellant proved that it had expended $2,349 33 on labor and materials for the completion of the building. Though the form in which this proof was given was objectionable, the appellant being allowed to put in a written statement of the amounts paid by it, still the accuracy and correctness of the statement was in no wise impeached. The plaintiff offered evidence to show about what part of the work between the two payments he had performed at the time the work was taken from him. The court decided that he had performed about one-third the work, and, on that, substantially held that he was entitled to one-third the amount of the payment. We think this was plainly erroneous. As found by the court, it was through the plaintiff’s fault that the defendant was obliged to assume the completion of the work,—& duty which the plaintiff had contracted to perform. The burden' thus imposed on the appellant it was its duty to perform with rea *601 sonable care and regard to the rights of the plaintiff. Still all that-was required of it was good faith, and the exercise of reasonable care. It matters not that the plaintiff might have had the building finished for a less sum than paid by the appellant. If so, lie should have prosecuted his work diligently, and completed his contract. The appellant was entitled to credit for all sums expended by it, as long as such expenditures were made in good faith, and with reasonable care. The evidence does not impeach the appellant’s conduct in these respects. Therefore there should not have-been judgment against the plaintiff for any greater sum than the difference between the amount of the payment and the amount actually paid out.
The judgment appealed from should be reversed, and anew trial granted; costs to abide the event.
All concur.