> Where after bankruptcy of building contractors and the filing of several mechanics' liens on the property, the contractor's receiver, plaintiff, a subcontractor, who had filed a lien, and others, entered into a new contract to finish the work, wherein defendant owner undertook to pay them the estimated cost of such completion, and, on completion of the contract and on discharge of record of all liens specified in the agreement, to pay a further sum stipulated to become due to the receivers which should be paid to the lienors as provided, the new contract superseded the original one and fixed the scope of the owner's liability, so that it was not liable for interest on the sums due the original contractors during delay in payment pending the satisfaction of the liens.

> [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 283; Dec. Dig. § 161.*]

Appeal from Special Term, Richmond County.

Action by the Hedden Construction Company against the Procter & Gamble Company and others to foreclose a mechanic's lien. Judgment (62 Misc. Rep. 129, 114 N. Y. Supp. 1103) for plaintiff, and defendant the Procter & Gamble Company appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

John J. Kenney, for appellant.

Frederick Hulse (Arthur M. Mayer, on the brief), for respondent.

RICH, J.   This appeal is by the defendant owner from a judgment in favor of the plaintiff in an action brought to foreclose a mechanic's lien.

The only question presented upon this appeal is whether the learned trial justice erred in allowing interest upon the sums found to be due from the defendant owner, who had entered into a contract with Milliken Bros., Incorporated, for the construction of several buildings upon its lands, in which it was stipulated, among other things, that the work should be completed by January 1, 1907, and the contractors covenanted to pay $250 per day as liquidated damages for each day's delay.   Before the completion of the work the contractor went into

bankruptcy, and receivers were appointed to wind up its affairs. At this time a delay of over five months had occurred. The plaintiff, who was a subcontractor, filed a lien upon the property for $91,493.18. Eight other liens were also filed. They all amounted in the aggregate to $113,735.48. Subsequently the receivers, the plaintiff, and the defendants Procter & Gamble Company and P. Hart & Sons entered into a contract, in which the plaintiff agreed to complete the contract of Milliken Bros. by finishing the work, and, upon this being done, appellant undertook to pay them $15,219.60, that being the estimated cost of the work, and on completion of the contract, and upon the discharge of record of all of the aforesaid mechanic's liens set forth in the agreement, promised to pay a further sum stipulated to become due to the receivers, which should be paid to the lienors as therein provided. The work was completed by plaintiff in accordance with its agreement, and on the 18th day of January, 1908, appellant certified that plaintiff was entitled to the said sum of $15,219.60.

It is conceded that upon the completion of the contract the sum of $27,486.46 became due to the receiver of Milliken Bros. from the appellant, and the different parties to the action claimed to share in this amount as lienors. Interest has been awarded upon this amount from the time the contract was finally completed. In making the award of interest, I think the learned justice was in error. The lienors had failed to satisfy the liens mentioned in the contract under which the work was continued, and the appellant could not with safety have paid the balance due to the receivers of Milliken Bros. with liens outstanding aggregating over $100,000. The amount of the owner's liability was fixed upon the execution of the agreement with the plaintiff and other lienors for completion, but this agreement superseded the original contract with Milliken Bros., and the balance became payable "on the completion of said contract and the discharge of record of all the mechanic's liens set forth in schedule marked 'C' and those filed by said Hedden and Hart."

There is no evidence that these liens have been satisfied. It follows, therefore, that the judgment should be modified by striking out the allowance of interest, and as so modified affirmed, without costs of this appeal to either party. All concur.