EDWARD E. BUHLER CO. et al. v. NEW YORK DOCK CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 24, 1915.)

1. APPEAL AND ERROR ☞882—CHANGE OF THEORY ON APPEAL.
    Where lienors and materialmen, after abandonment by the contractor, asserted liens to the extent of the difference between the cost of completion by the owner and the amount of the contract price unpaid when the liens were filed, and made their proof of the difference by the certificate of the owner's architects as to cost of completion, they cannot on appeal impeach the certificate on a question of fact relating to the payment of wages of laborers.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610;  Dec. Dig. ☞882.]

2. DAMAGES ☞79—PENALTY FOR NONPERFORMANCE OF BUILDING CONTRACT —ACTUAL DAMAGES.
    Liquidated, but not actual, damages by reason of a contractor's delay cannot, where he abandoned, and lienors and materialmen sought liens to the amount of the difference between the cost of completion and the contract price unpaid, be counterclaimed by the owner.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169;  Dec. Dig. ☞79.]

3. MECHANICS' LIENS ☞111—COMPLETION BY OWNER—EXTENT OF LIEN.
    Where the owner completed on the contractor's abandonment, and materialmen asserted liens on the difference between the cost of completion and contract price unpaid, payment for the services of the owner's architects are no part of the cost of completion, which can be deducted from the contract price.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 144-146;  Dec. Dig. ☞111.]

4. MECHANICS' LIENS ☞149—STATEMENT OF LIEN—SUFFICIENCY.
    Lien Law (Consol. Laws, c. 33) § 9, expressly requires the lien notice to state the materials furnished to the real property described in the notice as subject to the lien and the agreed price and value thereof, while section 13 provides for adjustment of priorities of conflicting liens, where several pieces of property are improved under one contract.   In a lien notice, materials furnished under several contracts for the improvement of distinct pieces of property, widely separated and improved as independent operations, were grouped.   Held, that the notice was insufficient.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 256-259;  Dec. Dig. ☞149.]

5. MECHANICS' LIENS ☞83—"MATERIALMEN"—WHO ARE.
    One who furnishes to a contractor, but does not install, steel sashes called for by plans and specifications, and who performed no labor on the

sashes after delivery, though submitting working drawings for approval, is a "materialman."

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 115; Dec. Dig. ⊕=83.

For other definitions, see Words and Phrases, First and Second Series, Materialman.]

Appeals from Special Term, Kings County.

Action by the Edward E. Buhler Company and others against the New York Dock Company and others. From various portions of the judgment, the Vulcan Rail & Construction Company and others, plaintiffs, appeal, and the defendants also appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Robert Gibson, Jr., of New York City (Mark D. Wilber, of New York City, on the brief), for plaintiffs Edward E. Buhler Co., Vulcan Rail & Construction Co., Corrugated Car Co., Crescent Sand & Gravel Co., Vulcanite Portland Cement Co., and Deslauriers.

Edward Mastaglio, of New York City, for defendant New York Dock Co.

Robert Thorne, of New York City (Amos J. Peaslee, of New York City, on the brief), for defendant Atlas Portland Cement Co.

Oscar H. Stearns, of Brooklyn, for defendant Ketcham.

PER CURIAM. [1] A contractor abandoned his work, and the owner completed pursuant to a clause in the contract permitting him to do so. Lienors, materialmen, assert liens to the extent of the difference between the cost of completion and the amount of the contract price unpaid when the liens were filed. They met the burden of proving the essential fact of that difference by the certificates of the owner's architects, certifying to the cost of completion. The owner does not complain of the competency of that evidence, and the lienors have no other foundation for their judgment. Beecher v. Schuback, 1 App. Div. 359, 365, 37 N. Y. Supp. 325, affirmed on opinion below 158 N. Y. 687, 53 N. E. 1123; Zimmerman v. Jourgenson, 14 N. Y. Supp. 548, 549;[1] Watts v. Board of Education, 9 App. Div. 143, 41 N. Y. Supp. 141. On this appeal, however, the lienors would impeach the certificate on a question of fact in relation to the payment of wages of the laborers on the job for the week in which the work was abandoned. This item may be fairly within the proper scope of the certificate. Non constat but that the owner would have been able to show that the payment was necessary to complete the work, had the lienors adopted another method of proving their cause of action.

[2] There is sufficient evidence to sustain, as proper and lawful payments on account of the contract price, the items of $35,000 and $5,783.84. The owner counterclaimed for damages for delay, liquidated, not actual. To such damages it was not entitled. Mosler Safe Co. v. Maiden Lane S. D. Co., 199 N. Y. at pages 487, 488, 93 N. E. 81, 37 L. R. A. (N. S.) 363; Crawford v. Becker, 13 Hun, 375.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 578.

[3] The services of the architect were no part of the contract which the owner was completing on the contractor's account.

[4] The notice of lien of the Atlas Portland Cement Company is fatally defective. It fails to state the materials furnished to the real property described in the notice as subject to the lien, and the agreed price and value thereof. This the lien law expressly requires. Section 9 of the Lien Law; Mahley v. German Bank, 174 N. Y. 499, 501, 67 N. E. 117. It grouped in the notice materials furnished under several contracts for the improvement of distinct pieces of real property widely separated, being improved as independent operations. Provision being made for the adjustment of priorities of conflicting liens where several pieces of property are improved under one contract (section 13 of the Lien Law), there is indication that the Legislature did not intend that a valid lien could be acquired by the notice under examination. See Leske v. Wolf, 154 App. Div. 233, 138 N. Y. Supp. 859; Chapin v. Persse & Brooks Paper Works, 30 Conn. 461, 473, 79 Am. Dec. 263.

[5] One who furnishes to a contractor, but does not install, steel sash as called for by plans and specifications, and by whom working drawings are to be submitted for approval, and who neither employed nor performed any labor on the sash after delivery, is a materialman.

Judgment affirmed, without costs.