HARRY C. FEROE and Another, Respondents, *v.* B. H. BROOKE COMPANY and Others, Defendants, Impleaded with PIERRE M. BROWN, Appellant, and JOHN JORDAN and Others, Respondents.

Third Department, January 5, 1927.

Contracts — building contract — contractor defaulted — owner completed under provision of contract — evidence unsatisfactory as to cost of completion — owner properly charged with value of materials left on premises by contractor — interest charged from time of completion of contract — stipulation that referee's fees be " charged against the fund " means that they are payable out of amount found due from owner — fees not charged against owner personally.

In an action to recover the amount due under a building contract which the owner of the property completed after default by the contractor and under authority given him in the contract, the evidence as to the cost of completion is very unsatisfactory, due to the failure of the owner to keep separate the items of cost going into the completion of the contract and into other work.

The owner was properly charged with materials left on the premises by the contractor at the time of the default.

The owner is chargeable with interest on the amount due from the time of the completion of the contract.

A stipulation that referee's fees should be " charged against the fund " construed to mean that they should be paid out of the amount found due from the owner; they are not a personal obligation of the owner.

APPEAL by the defendant, Pierre M. Brown, from a judgment of the Supreme Court in favor of the plaintiffs and certain defendants,

entered in the office of the clerk of the county of Columbia on the 22d day of May, 1925, upon the report of a referee appointed to hear and determine the whole issues, and also from an order entered in said clerk's office on the 15th day of August, 1925, denying appellant's motion to resettle said judgment.

*James F. Riley,* for the appellant Pierre M. Brown.

*Harold E. Fritts [William F. Kimber* of counsel], for the plaintiffs, respondents.

*William F. Kimber,* for the respondents John Jordan and others.

PER CURIAM.   We agree with the appellant that the contractor was in default.   The owner, therefore, having completed the contract under a provision therein permitting him to do so was entitled to retain from the contract price the cost of such completion providing he exercised good faith and reasonable care. (*Watts* v. *Board of Education,* 9 App. Div. 143.)   It is claimed by the respondents that he did not do so.   The appellant Brown held merely the record title of the property for the benefit of the defendant Leary.   The contract for the completion of the work after the default of the contractor was given to the defendant Schomburg.   He was to be paid the actual cost of completion plus ten per cent.   Schomburg and Leary had been partners for fifteen years.   While completing this contract Schomburg was at the same time engaged in other construction work on the same property actually owned by Leary.   The circumstances, therefore, were such as to justify careful scrutiny of the expenses incurred. Instead of completing the contract in question independently of the other construction work, all the work was combined and material and labor were applied to all such work indiscriminately.   It is claimed that an apportionment of the material and labor was made as the work progressed based on daily reports of timekeepers and other employees.   These reports were entirely unauthenticated and were evidently not made from actual observation.   What the appellant calls cost of completing the contract is in fact merely an estimate of such cost and as such was no more controlling on the referee than estimates furnished by the respondents.   The alleged cost of completion was nearly double what its cost would have been according to prices fixed by the original contract.   The referee met the situation by finding on conflicting evidence that such prices coincided with the value of completing the contract. He doubtless intended to say that such was the actual cost of completion.   The difficulty is that the appellant did not exercise reasonable care with reference to the rights of the respondents but

by his methods put it out of his power to give with accuracy the actual cost of completion. The court is, therefore, compelled to find such cost as best it can from all the evidence. The appellant was properly charged with the value of material left on the premises by the contractor and used by the appellant in completing the contract. The appellant also complains because he is charged with interest. He has had the benefit for fourteen years of the amount he should have paid. Had he acted in good faith towards the respondents and presented a correct statement of his actual expenses in completing the contract that would have determined with reasonable certainty the amount due as of that time. To the situation here presented we think what was said in *Faber* v. *City of New York* (222 N. Y. 255, 262) applies. It is there said: " The test is not whether the demand is liquidated." But we think the appellant should not be charged with interest prior to April 1, 1913, on which date the referee has found that the contract was completed. The parties stipulated that the fees of the referee should be " charged against the fund." They evidently intended them to be paid out of the amount found due from the appellant. The effect of the judgment is to cause them to be paid by the appellant personally.

The judgment should be modified so as to provide that the appellant shall not be liable for interest prior to April 1, 1913, and that the fees of the referee be paid out of the amount found due from the appellant and that his liability be diminished accordingly and as so modified affirmed, without costs.

The court finds that the owner in completing the contract did not exercise good faith or reasonable care in respect to the rights of the respondents and that the actual cost to the owner of completing said contract did not exceed the sum of $11,986.91 found by the referee as the value of such completion.

The appeal from the order denying the motion to resettle the judgment having become academic, such appeal is dismissed, without costs.

Present — COCHRANE, P. J., VAN KIRK, HINMAN, McCANN and DAVIS, JJ.

Judgment modified so as to provide that the appellant shall not be liable for interest prior to April 1, 1913, and that the fees of the referee be paid out of the amount found due from the appellant and that his liability be diminished accordingly, and as so modified unanimously affirmed, without costs.

The court finds that the owner in completing the contract did not exercise good faith or reasonable care in respect to the rights

of the respondents and that the actual cost to the owner of completing said contract did not exceed the sum of $11,986.91 found by the referee as the value of such completion.

The appeal from the order denying the motion to resettle the judgment having become academic such appeal is dismissed, without costs.