Saul Streit, J.
Plaintiff, Reynolds Metals Company (hereinafter referred to as “ Reynolds ”), moves for summary judgment declaring that it has a valid lien for $479,848.81 and interest on the funds due from the State of New York to Terry Contracting, Inc. (hereinafter referred to as “ Terry”). It seeks enforcement of the lien against the State, and also judgment against Terry and defendant, Alcon Aluminum, Inc. (hereinafter referred to as “ Alcon ”), for any deficiency after application of the funds due from the State. Defendant, Anchor Post Products, Inc. (hereinafter referred to as “Anchor”), cross-moves for summary judgment declaring that it has a valid lien for $112,870.01 with interest on the funds due from the State to Terry, and, should they be insufficient to pay its lien in full, for judgment against Terry for the deficiency.
Two surety companies were permitted by stipulation to intervene because any deficiency in the amounts available to pay the liens on the funds due to Terry from the State would be payable by them. They contend that Reynolds has no valid lien because section 5 of the Lien Law, which provides for liens upon public improvements, is inapplicable to Reynolds, and because the notice of lien was not filed within the time permitted by statute. They maintain that Anchor likewise has no valid lien because its notice of lien was not filed in time.
Alcon and Terry oppose Reynolds’ motion on the ground that Reynolds has no valid lien and also on the ground that they *696 have valid counterclaims against Reynolds for more than the amount sued for.
Section 5 of the Lien Law provides that “ A person * * * furnishing materials to a contractor, his subcontractor or legal representative, for the construction or demolition of a public improvement pursuant to a contract by such contractor with the state * * * shall have a lien for the principal and interest of the value or agreed price of such labor or materials upon the moneys of the state * * * applicable to the construction # * * of such improvement, to the extent of the amount due or to become due on such contract ’ ’.
Reynolds claims that although it received the orders which it filled from Alcon, the latter was acting as agent for Terry, its disclosed principal. Reynolds accordingly contends that it furnished the materials to Terry, the contractor, and that it is therefore entitled under the statute to a lien on the amounts due from the State to Terry. The evidence submitted on the question of whether Terry was Alcon’s principal in the transactions with Reynolds is not so clear and free from doubt as to permit a summary finding on this motion that Reynolds provided the materials to Terry, the contractor, within the meaning of section 5. A triable issue of fact is presented.
Reynolds argues also that even if it did not deal with Terry as principal, it is nevertheless entitled to a lien as “ a person * * * furnishing materials to * * * his (Terry’s) subcontractor.” In order to succeed on this theory, plaintiff must show that Alcon, to which it furnished the material, was Terry’s subcontractor within the meaning of the statute. It is undenied that Alcon performed no labor at the construction site, and no claim is made that it had contracted to perform any such labor. As far as appears, it was only a materialman. In Dorn v. Johnson Corp. (16 A D 2d 1009) the court pointed out that a “ subcontractor ”, for the purposes of the Lien Law, is defined (§2, subd. 10) as one who contracts for the performance of all or part of a contract, as distinguished from a “ materialman ’’who is defined (§ 2, subd. 12), as one who merely furnishes materials. The court said (p. 1010): ‘1 Obviously, the mere existence of a contract, written or oral, expressed or implied, does not constitute a supplier a subcontractor and thus obliterate all distinction between subcontractor and materialman. Generally, a subcontractor is regarded as one who assumes performance of some part of the contract, so that labor or other service, and not merely the furnishing of materials, is involved.”
*697 The requirement that a “ subcontractor ” furnish labor and not merely material is supported by many decisions, including Buehler Co. v. New York Dock Co. (170 App. Div. 486); Herrmann & Grace v. City of New York (130 App. Div. 531, 536, affd. on opinion below 199 N. Y. 600); Hedden v. Procter & Gamble Co. (62 Misc. 129, mod. 134 App. Div. 244). Plaintiff relies upon language contained in the opinion of the court in Wynkoop v. People (1 A D 2d 620, affd. 4 N Y 2d 892). The holding in that case was that the plaintiff there was not entitled to a lien. The statement that the qualified lienors ended with De Villers, with whom plaintiff had contracted, was dictum only. The distinction between a subcontractor and a materialman was not involved in the decision of the case and does not appear to have been raised or considered.
The court is accordingly constrained to hold that Reynolds’ lien may not be held valid on the theory that Reynolds, in furnishing materials to Alcon, was dealing with Alcon as a “ subcontractor ” within the meaning of the statute.
Regardless, however, of whether or not plaintiff possesses a valid lien on the funds due from the State to Terry, it is entitled to a money judgment against Terry for the amount sued for. Even if Terry may not be held liable as principal, it is liable on its guarantee of Alcon’s indebtedness to plaintiff. A clear case of an account stated between plaintiff and Alcon is established in the papers before the court. Terry’s counterclaim presents no triable issue.
The question of whether plaintiff is also entitled to a money judgment against Alcon must await determination, the determination at the trial of the issue of fact as to whether Terry is liable to plaintiff as Alcon’s principal. If it should be found that Terry is liable as principal, Alcon would not be liable, for an agent of a disclosed principal may not be held liable for acts within the scope of its authority unless it expressly agrees to add its liability to its principal’s liability (Mencher v. Weiss, 306 N. Y. 1, 4; 3 C. J. g., p. 215). Whether Alcon may be deemed to have agreed to be liable, even if Terry was acting as its principal, is a question which may not be summarily determined upon the papers before the court. The most that can be said is that a triable issue is also presented as to this aspect of the case.
We turn now to Anchor’s cross motion, gection 12 of the Lien Law permits the filing of a lien ‘ ‘ At any time before the construction or demolition of a public improvement is completed and accepted by the state * * * and within thirty days after such completion and acceptance ” (emphasis sup *698 plied). Anchor’s lien was filed on February 28, 1962. This was even prior to the State’s acceptance, which did not occur until March 27, 1962. The fact that the work may have been completed in December, 1961 is of no consequence, for the statute gives persons claiming liens the right to file within 30 days after both completion and .acceptance. The case of Milliken Bros. v. City of New York (201 N. Y. 65), cited by the surety companies, does not hold to the contrary. In that case, the decision was that the issuance of a certificate of acceptance, prior to the time that the work had been entirely completed, did not establish completion and that the lienor’s time to file a lien did not expire until 30 days after the last item of work had actually been performed. The court accordingly holds that Anchor’s lien is valid. The surety companies’ claim that Reynolds’ notice of lien was filed too late is without merit for the same reason. It was filed within 30 days after completion and acceptance of the work.
Although Anchor possesses a valid lien, its motion may be granted only to the extent of awarding it a money judgment against Terry. Anchor’s lien may not be enforced against ■ the funds due to Terry from the State until it is determined at the trial whether Reynolds also possesses a valid lien against the same funds. The funds are concededly insufficient to satisfy the claims of both Alcon and Reynolds.
The Attorney-General submits an affidavit stating that a lien by one Philip Lagaña, Inc., in the amount of $5,504.43, was filed on July 9, 1962, and that it has been continued by court order. Although the notice of lien appears to have been filed too late, its validity may not be adjudicated here since the lienor is not a party to this action or to the present motions.
Reynolds’ motion is granted to the extent of awarding it a money judgment against Terry for the amount sued for, and otherwise denied. The action is to continue insofar as Reynolds seeks foreclosure of its alleged lien and a money judgment against Alcon. Anchor’s motion is granted insofar as it seeks a money judgment against Terry, and otherwise denied. Its counterclaim is to continue to the extent that foreclosure of its lien is sought.
Any amounts hereafter collected by Reynolds or Alcon, or both, from the State’s indebtedness to Terry are to be credited against their respective judgments.