DULUTH STEEL FABRICATORS, INC. v.
COMMISSIONER OF TAXATION.

237 N. W. 2d 625.

December 26, 1975—No. 45520.

*Bruess, Boyd, Andresen & Sullivan, Robert W. Boyd,* and *R. Craft Dryer,* for relator.

*Warren Spannaus,* Attorney General, *C. H. Luther,* Deputy Attorney General, and *James W. Neher,* Special Assistant Attorney General, for respondent.

Heard before Sheran, C. J., and Rogosheske and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

Duluth Steel Fabricators, Inc. (Duluth Steel), by writ of certiorari, challenges the judgment of the Tax Court that it is liable for sales taxes on materials sold by it to general contractors. We affirm.

Duluth Steel is in the business of fabricating structural steel to be installed by others on a variety of construction projects. Its services may be summarized as follows:

(1) Duluth Steel makes decisions regarding settings, including their placement, number, and size, and instructs the general contractor accordingly.

(2) Duluth Steel designs and furnishes detailed drawings concerning all clips, plates, and connections, and the location, number, and size of all bolts.

(3) Duluth Steel provides the general contractor with erection drawings which designate the name of each piece of steel, where it is to go, the method of connection, and the sequence of erection.

(4) Both before delivery of the steel and during its erection, Duluth Steel confers with the general contractor as to the manner in which the steel is to be erected. Although Duluth Steel does not have an employee on the job at all times, it does send someone to the job site whenever

requested to do so by the general contractor, and, in addition, Duluth Steel's president or one of his employees will occasionally stop by the construction site, talk with the superintendent of the job, and check the fit and erection of the steel. In this capacity, one of its employees may at times spend a day or two on the job. This installation advice is included in the original price bid.

(5) Whenever there is a problem with the steel or its fit, Duluth Steel will make the necessary corrections.

Upon execution of the contract, Duluth Steel generally purchases the steel required for the project from a steel supplier since it does not carry an inventory large enough to meet the requirements of a substantial structural steel contract. Duluth Steel infrequently makes over-the-counter sales of structural steel.

Duluth Steel usually does not provide equipment or labor for the assembly of the structural steel pieces at the job site, although labor at the job site is occasionally provided if adjustments or corrections in the fabricated steel are necessary.

Duluth Steel paid sales tax on the raw steel purchased for the jobs it performed during the audit period in question, but did not charge sales tax to the general contractors because it believed it was a subcontractor under the appropriate statute. The decision of the Tax Court affirmed the ruling of the commissioner that Duluth Steel did not qualify for an exemption as a subcontractor under the statute. Relator also challenges the applicability of certain regulations of the Department of Taxation which we need not discuss since the Tax Court determined that Duluth Steel did not qualify as a subcontractor under the statute, considered apart from the regulations.

Minn. St. 297A.01, subd. 4, provides:

"A 'retail sale' or 'sale at retail' means a sale for any purpose other than resale in the regular course of business. Property utilized by the owner only by leasing such property to others or by holding it in an effort to so lease it, and which is put to no use by the owner other than resale after such lease or effort to lease, shall be considered property purchased for resale. Sales of building materials, supplies and equipment to owners, contractors, subcontractors or builders for the erection of buildings or the alteration, repair or improvement of real property are 'retail sales' or 'sales at retail' in whatever quantity sold and whether or not for purpose of resale in the form of real property or otherwise."

The Tax Court in its memorandum accompanying the decision stated:

"* * * Generally, suppliers are those who sell building materials.

Contractors and subcontractors erect and construct the material into a building on the site. Modern improvements in construction techniques may in the future make it more difficult to recognize this distinction but, in this case, it seems clear that appellant is a supplier and not a subcontractor."

We agree.

Affirmed.