**BRAZOS CONCRETE PRODUCTS, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts et al., Appellees.**

No. 5142.

Court of Civil Appeals of Texas, Eastland.

June 8, 1978.

Stephen R. Fontaine, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellant.

Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Brazos Concrete Products, Inc., sued defendants, Bob Bullock, Comptroller of Public Accounts of the State of Texas, Jesse James, Treasurer of the State of Texas, and John L. Hill, Attorney General of the State of Texas, seeking a $5,298.62 refund of sales taxes paid under protest. Following a non-jury trial, judgment was entered for defendants. Brazos Concrete Products, Inc., has appealed. We affirm.

Findings of fact and conclusions of law were filed. Brazos does not attack any of the fact findings, but contends the court erred in its conclusions of law that Brazos was not a "contractor" as defined in V.A. T.S. Tax.-Gen. art. 20.01(T) and, therefore, not entitled to the exemption provided for in V.A.T.S. Tax.-Gen. art. 20.04(Y).

Brazos manufactures prestressed and precast concrete items used in constructing highway bridges and large buildings. Brazos purchased two cranes (a Model 430 and Model 535), a loader, mixer, and metal

878

muncher, which it contends were exempt from sales taxes because the equipment was used in the performance of contracts with exempt organizations.

Article 20.01(T) provides in part:

"(T) Contractor or Repairman. 'Contractor' or 'Repairman' shall mean any person who performs any repair services upon tangible personal property or who performs any improvement upon real estate, and who, as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved. Contractor or repairman shall be considered to be the consumer of such tangible personal property furnished by him and incorporated into the property of his customer, for all of the purposes of this Chapter."

The trial court found that Brazos' first use of the equipment was in manufacturing concrete products for sale to two general contractors, Brown & Blakney, Inc., and Zack Burkett; the products manufactured for the contractors were delivered to the job site by Brazos; neither contractor is a tax exempt organization; the concrete products were incorporated into highways pursuant to contracts between the two contractors and the Texas Department of Highways and Public Transportation, a tax exempt organization; Brazos did not incorporate the concrete products into the highways; the Texas Department of Highways and Public Transportation is a tax exempt organization as defined in V.A.T.S. Tax.-Gen. art. 20.04(H); during the audit period, Brazos did not use any of the equipment in question to incorporate or install concrete products manufactured by it into realty pursuant to a contract between Brazos and a tax exempt organization; the Model 430 crane was used by Brazos during approximately two percent of the audit period to incorporate or install products manufactured by it into realty which was owned by tax paying organizations pursuant to contracts with tax paying organizations; during the audit period, Brazos never used the Model 535 crane, loader, mixer or metal muncher to install or incorporate into realty any concrete products manufactured by it;

items manufactured by Brazos for incorporation into highways by pre-qualified contractors were manufactured in accordance with specifications furnished by the Texas Department of Highways and Public Transportation and were inspected by members of the Department; and, that during the audit period the Model 535 crane and the metal muncher were always used to manufacture concrete items which were incorporated into realty owned by tax exempt organizations.

Article 20.04(Y) provides in part:

"(Y) Contracts with Exempt Organizations. There are exempted from the computation of the amount of taxes imposed by this Chapter, the receipts from the sale, lease or rental of any tangible personal property to, or the storage, use or other consumption of tangible personal property by, any contractor for the performance of a contract for the improvement of realty for an exempt organization as defined in Section 20.04(H) of this Chapter or otherwise exempt from the taxes imposed by this Chapter to the extent of the value of the tangible personal property so used or consumed or both in the performance of such contract."

The trial court held Brazos was not a contractor and not entitled to the exemption contained in Article 20.04(Y). We agree.

We are bound by the definition of "contractor" as defined by the Legislature in Article 20.01(T). *Gifford-Hill and Company v. State*, 442 S.W.2d 320 (Tex.1969). Contractor is defined in the Act as a person "who performs any improvement upon real estate, and who, as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property". Brazos did not incorporate its personal property into the realty. Brazos did not contract with Brown & Blakney or Zack Burkett to incorporate the concrete products into the realty. Brazos contracted only to deliver the products to the job site. The Comptroller issued Ruling 95-0.09 effective July 1, 1971, which stated that the term, contractor, as defined

in the Act, would include subcontractor but would not include materialmen or suppliers. We think it is clear that Brazos was not a "contractor" as defined in the Act. Brazos was a materialman or supplier. The court in *Huddleston v. Nislar*, 72 S.W.2d 959 (Tex. Civ.App.—Amarillo 1934, writ ref'd) cited the following examples showing the distinction between the terms contractor and materialman as ordinarily understood:

"A party furnishing stone, finished and ready for use in a building at the time of its delivery, is a materialman and not a subcontractor. *Foster Lumber Co. v. Sigmi Chi Chapter House of De Pauw University*, 49 Ind.App. 528, 97 N.E. 801.

'One who furnishes to a contractor, but does not install, steel sash as called for by plans and specifications, and by whom working drawings are to be submitted for approval, and who neither employed nor performed any labor on the sash after delivery, is a materialman.' *Edward E. Buhler Co. et al. v. New York Dock Co. et al.*, 170 App.Div. 486, 156 N.Y.S. 457, 459.

A party who agreed with a contractor to furnish sand and gravel, acceptable to the city engineer, for street improvements, and delivered such material on the work as required, was a materialman and not a subcontractor. *Neary et al. v. Puget Sound Engineering Co. et al.*, 114 Wash. 1, 194 P. 830.

'Clinton's contract was to furnish the stairs completed according to certain specifications for this particular house but not to attach them to the house or work on them after they were delivered on the premises. He contracted with appellant to build the stairs to fit these specifications and in short to do all that he (Clinton) contracted to do in regard to the stairs.' Clinton was a materialman only, and appellant was not entitled to a lien because he furnished material to a materialman. *Rudolph Hegener Co. v. Frost et al.*, 60 Ind.App. 108, 108 N.E. 16."

In *Duluth Steel Fabricators, Inc. v. Commissioner of Taxation*, 306 Minn. 567, 237 N.W.2d 625 (1975), the court held that a fabricator of structural steel which sold steel specially manufactured for a specific building to a general contractor and also gave advice on installation, was a supplier and not a contractor. The court approved the decision of the Tax Court which stated, " ' * * * Generally, suppliers are those who sell building materials. Contractors and subcontractors erect and construct the material into a building on the site.' "

Article 20.04(Y) exempts from the sales and use tax ". . . the receipts from the sale, lease or rental of any tangible personal property to, or the storage, use or other consumption of tangible personal property by, any contractor for the performance of a contract for the improvement of realty for an exempt organization . . ." The exemption is inapplicable to Brazos because Brazos did not meet the statutory definition of contractor and Brazos' contracts were with private tax paying organizations which used the items manufactured by Brazos in connection with contracts entered into between the private corporations and tax exempt organizations. Brazos did not contract with the tax exempt organizations.

Tax exemptions are subject to strict construction since they are the antithesis of equality and uniformity. *Hilltop Village, Inc. v. Kerrville Independent School District*, 426 S.W.2d 943 (Tex.1968). We hold the trial court did not err in concluding that Brazos is not entitled to the exemption provided by Article 20.04(Y).

We have considered all points of error and all are overruled. Judgment of the trial court is affirmed.