FOSTER LUMBER COMPANY ET AL. v. SIGMA CHI CHAPTER HOUSE OF DEPAUW UNIVERSITY.

[No. 7,478.    Filed March 5, 1912.]

1. MECHANICS' LIENS.—Materials.—Perfecting Lien.—Elements.— To establish a mechanic's lien on real estate for materials furnished it must be shown that the building erected was authorized by the owner of the land, that the materials were furnished to the contractor to be used, and that they were actually used, in the building, and that the notice of lien was filed within sixty days after the materials were furnished.  p. 532.

2. MECHANICS' LIENS.—Time of Filing Notice.—The notice of intention to hold a mechanic's lien for materials furnished must be filed within sixty days after the date of the last delivery of such materials to the contractor; and such delivery, actual, or constructive, must be at or near the building.  p. 532.

3. MECHANICS' LIENS.—Materials.—When "Furnished."—Materials, for which a mechanic's lien can be enforced, are "furnished," when they are sold and delivered to the contractor, for use in the building in question, under and pursuant to the contract therefor.  p. 532.

4. MECHANICS' LIENS.—Materials.—Time of Furnishing.—Use of.— Where defendant on October 3, furnished materials to the contractor for use in plaintiff's building and such materials were actually used therein, a notice of mechanic's lien filed the following January 12, was too late, though such materials were actually used in the building within sixty days prior to the date of the filing of such notice.  p. 533.

Foster Lumber Co. *v.* Sigma Chi Chapter House—49 Ind. App. 528.

5. MECHANICS' LIENS.—*Statutory.*—The rights of materialmen to mechanics' liens are purely statutory; and to enforce such rights, holders must bring themselves within the terms of the statute, a liberal interpretation being given to such act for some purposes. p. 533.

6. MECHANICS' LIENS.—*Subcontractors.*—*Who Are.*—Prior to the act of 1909 (Acts 1909 p. 295), subcontractors had no right to a mechanic's lien for materials furnished; but the fact that one person furnished all of the stone for a building, dressed ready for use, does not constitute him a subcontractor, where he does not perform any specific part of the work in the actual construction of the building, with or without the furnishing of materials therefor. p. 534.

7. MECHANICS' LIENS.—*Materials.*—*When Furnished.*—*Mistakes.*— Where defendant furnished the last of his materials on November 27, his notice of intention to hold a lien, filed the following February 12, is too late, though by the contractor's error, one piece, which was not used, was not delivered until December 9, and though, through the fault of the architect, two pieces, which were unused, were not delivered until December 17. p. 534.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Suit by the Sigma Chi Chapter House of DePauw University against the Foster Lumber Company and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*W. A. Ketcham,* for appellant Foster Lumber Company.

*Thomas J. Sare* and *Miers & Corr,* for appellant Charles H. Springer.

*S. A. Hays, B. F. Corwin* and *C. C. Hadley,* for appellee.

ADAMS, J.—Appellee brought this action against appellants and two other defendants to cancel liens of record, which defendants separately claimed to hold against the property of appellee, and to enjoin defendants from instituting any proceeding to foreclose their liens until the validity thereof should be determined in the pending action.

The following is a brief summary of the essential facts shown by the evidence and found by the court: Appellee, a college fraternity, on August 27, 1908, entered into a contract with the firm of Caldwell & Mobley to furnish all

materials and perform all labor necessary in the erection of a chapter house on real estate owned by the fraternity at Greencastle, Indiana. The contractors partially completed their work, but in the latter part of December, 1908, abandoned it. At that time said contractors were indebted to a large number of parties in the sum of $8,000, on account of labor and materials furnished in the construction of said building. Creditors of the contractors filed in the office of the recorder of Putnam county notices of their intention to hold liens on said building for the amount of their several claims. After the work was abandoned, appellee entered into an agreement with all parties claiming to hold liens against said property, except the defendants herein, whereby appellee was granted an extension of time for paying the claims held by such creditors. Appellee denied that the defendants in this suit were entitled to hold liens, and brought this suit to cancel them.

The Foster Lumber Company agreed to furnish, for the sum of $954.30, certain materials to be used in constructing said building, and did furnish and deliver to the contractors at appellee's building, on or before October 3, 1908, all of the materials so contracted for, which materials were used in constructing said building. The court does not find the fact, but it appears from the evidence that a part of the material furnished by the Foster Lumber Company was used in the building after December 1, 1908. On January 12, 1909, appellant company filed notice of its intention to hold a lien on appellee's property for the sum of $954.30.

Charles H. Springer undertook to furnish to said contractors, for the sum of $600, all the stone used in the building, as required by the plans and specifications. Subsequently Springer contracted with the Hoadley Stone Company to furnish the stone required in said building in consideration of the payment by Springer of a definite sum. All the stone furnished by said Hoadley Stone Company, and which was used in constructing said building was received on or

prior to November 27, 1908. A stone window sill was received December 9, 1908, but was furnished on account of an error of the contractors in checking up the original shipment, and was not used. The specifications called for two stone ornaments ten inches square, which were found to be improperly carved. On December 17, a keg was received at the building, which remained unopened until after the work was abandoned, and which was then found to contain the two stone ornaments, properly carved, but only eight inches square, and unfit for use, although made in conformity with a drawing submitted by the architects. On February 12, 1909, appellant Springer filed notice of his intention to hold a lien for the sum of $583 on the property of appellee.

By the fourth conclusion of law the court stated that the pretended lien of appellant Foster Lumber Company was invalid, without right, and that said defendant was not entitled to have or to hold a lien against the property of appellee, and that said appellant's notice of its intention to hold a lien, as filed and recorded, should be canceled, set aside and held for naught.

By the fifth conclusion of law the court stated the law to be the same as to the pretended lien of appellant Charles H. Springer.

Appellants separately excepted to the fourth and fifth conclusions of law, and assign the same as error.

It is obvious that the determination of this cause involves only the determination of one underlying proposition: Did appellants, at the time judgment was rendered below, have valid and enforceable liens against the property of the appellee? If they had, then the court erred as to every specification of error in the assignment. If they had not, the judgment of the court was right, and appellants were not harmed by the refusal of the court to permit them to file cross-complaints, or by any other action of the trial court.

The right of a materialman to enforce a lien for the value of materials furnished by him is limited to cases where the

following facts appear: The improvement must be
1. made by the authority of the owner of the real estate,
the material must be sold, not generally to the contractor, but for the purpose of being used in constructing the particular building, the materials must be actually used in constructing the building, and the notice of the intention of the materialman to hold a lien against the property must be filed, as required by law, within sixty days after furnishing such materials. *Topp* v. *Standard Metal Co.* (1911), 47 Ind. App. 483; *Barnett* v. *Stevens* (1896), 16 Ind. App. 420, 431; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 232; *Leeper* v. *Myers* (1894), 10 Ind. App. 314, 316; *Miller* v. *Fosdick* (1901), 26 Ind. App. 293.

The sixty days given by law in which to file the notice of intention to hold a lien must be computed from the date of
the last delivery on the premises, or at some point
2. where title to the material passes from the seller to the
purchaser. 27 Cyc. 141; *Premier Steel Co.* v. *McElwaine-Richards.Co.* (1896), 144 Ind. 614, 621; *Thomas* v. *Kiblinger* (1881), 77 Ind. 85, 86; *Lawton* v. *Case* (1880), 73 Ind. 60, 62; *Hamilton* v. *Naylor* (1880), 72 Ind. 171. In order to furnish material for a building, there must be either an actual or constructive delivery of the material at or near the building. *Barnett* v. *Stevens, supra.*

In the case of *Clark* v. *Huey, supra,* at page 232, it is said:
"The materials were actually 'furnished,' not pur-
3. chased only, but 'furnished,' to be used in appellant's
house."

"Furnishing the material is complete when it is sold and delivered for the purpose of erection." *Burns* v. *Sewell* (1892), 48 Minn. 425, 51 N. W. 224, 225.

"The materialman is properly said to have 'furnished' the materials, when he has delivered, or has them ready for delivery, at the place where he has agreed to deliver them under the contract." *Tibbetts* v. *Moore* (1863), 23 Cal. 208, 214.

"When we speak of a bill of goods 'furnished' to a person, we mean simply that they have been ordered for and delivered to such person." *The James H. Prentice* (1888), 36 Fed. 777, 782.

From the foregoing propositions, as applied to the appeal of the Foster Lumber Company, it will be observed that all materials furnished by appellant lumber company were received by the contractor prior to October 3, 1908, and the notice of the lien was not filed until January 12, 1909, and therefore was not within the time fixed by statute. We find no authority in this State holding that the sixty days are to be computed from the time the last of the material furnished was used in the building. It is true, as counsel for appellant lumber company says, that to enforce a materialman's lien in this State, it must appear that the material furnished has been used in the structure covered by the lien. The principle underlying the mechanics' lien law is that the value of the property has been enhanced to the extent of the value of the materials used therein, and the property is therefore made liable for such materials to one who has furnished them. But it is the law which gives the lien. At common law, there was no right of lien in favor of materialmen. In this State, the right exists by virtue of the statute, and the measure of the right, as well as the manner of acquiring it, is to be determined from the statute.

While for some purposes, a liberal construction is to be given to the mechanics' lien act, as in the case of laborers, it cannot be given a wider meaning than its words fairly warrant. The lien must not only be enforced, but must be acquired, as provided by the terms of the act. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 516, 131 Am. St. 267. The assignments of error by the Foster Lumber Company are not well taken.

What has already been said applies to the appeal of

Charles H. Springer. Appellee, however, insists that Springer is shown to be a subcontractor, and as the 6. contract was made and the materials furnished prior to the passage of the act of March 6, 1909 (Acts 1909 p. 295), he was not entitled to a lien, on the authority of *Indianapolis, etc., Traction Co.* v. *Brennan* (1909), 174 Ind. 1.

Springer contracted to furnish all the stone to be used, and to finish the stone ready for use. We do not see any reason why he ceased to be a materialman because he furnished all the stone instead of a part of it; nor do we think material ceases to be material when it is finished and ready for use. Judge Elliott, in *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 257, 11 L. R. A. 740, defines a subcontractor as one who takes from the principal contractor a specific part of the work. We understand this to mean a specific part of the work in the actual construction of the building, and may include furnishing the materials therefor.

Appellant Springer's contract required him to do nothing in the construction of the building; he was required only to furnish materials. This did not make him a con- 7. tractor or a subcontractor. It appears, however, that the last material furnished and delivered by said appellant, which was used in constructing the building, was received by the contractors not later than November 27, 1908, and as he did not file his notice of intention to hold a lien until February 12, 1909, he was not within the time fixed by the statute, and is not entitled to hold a lien against the property of appellee.

Judgment affirmed.