SEELING v. ALAMO IRON WORKS et al. (No. 5388.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915. Rehearing Denied Feb. 24, 1915.)

1. MECHANICS' LIENS ⬤⟹ 115—VALIDITY — NOTICE.

Rev. St. art. 5623, provides that any person who may furnish material to a contractor to be used in the erection of a building, by giving notice to the owner or his agent of every item furnished, and by showing how much is unpaid, may have and secure a materialman's lien. A materialman, upon furnishing various items, delivered accounts to the architect who was the owner's agent, which by him were delivered to the owner at times when there was enough due under the contract to have paid the claims. Held, that the notices were sufficient under the statute.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent.Dig. §§ 150–159; Dec.Dig. ⬤⟹115.]

2. MECHANICS' LIENS ⬤⟹132—NOTICE—FILING WITH CLERK.

Under Rev. St. art. 5623, providing for the perfecting of a mechanic's lien by filing notice with the owner or his agent, or with the county clerk within 90 days after the accrual of the indebtedness, a materialman who filed notices with the owner's agent is entitled to his lien, though the notice to the clerk was not given within the specified period.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190, 192–207; Dec. Dig. ⬤⟹132.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by the Alamo Iron Works against Ed. Seeling and others, in which the Mackey Brick & Tile Company intervened. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Arnold, Cozby & Peyton, of San Antonio, for appellant. C. A. Keller and Kampmann & Burney, all of San Antonio, for appellees.

---

MOURSUND, J. Alamo Iron Works sued Ed. Seeling, C. Battaglia, J. T. Wilson, and A. E. Richey, alleging that plaintiff sold certain goods, wares, and merchandise and building materials to C. Battaglia, then doing business under the name and style of San Antonio Construction Company, said material being furnished to said Battaglia for use in the construction and erection of a certain building on property belonging to defendant Seeling, and plaintiff alleged that, to secure said debt, it had filed an involuntary mechanic's and materialman's lien on said property. The said Wilson and Richey were made parties defendant as bondsmen on the bond given by Battaglia to Seeling. The Mackey Brick & Tile Company intervened, and alleged substantially the same facts as pleaded by the plaintiff, and sued for an indebtedness for building material which they alleged had been furnished by them to said Battaglia, and also claimed a materialman's lien on said property to secure said debt. Judgment was rendered in favor of plaintiff, Alamo Iron Works, for $786.97, and in favor of the intervener for $682.07 against Seeling and Battaglia, and establishing and foreclosing the materialman's liens on the said property of Seeling. Judgment was rendered in favor of Wilson and Richey. No findings of fact and conclusions of law were filed.

### Findings of Fact.

1. Arthur J. Hermann, the architect employed by appellant in connection with the erection of the building upon which the material was used which was bought from plaintiff and intervener by Battaglia, was authorized to receive and file accounts showing what material was being furnished to the contractor. His duty was to file such accounts or bills, which were issued in duplicate, one to him and one to the contractor, and to make estimates, either every week or every two weeks; the witnesses not being sure which it was. At the time of making such estimates upon which payments were made to the contractor, he showed appellant all bills accruing between the former estimate and the one then made.

2. The Alamo Iron Works furnished Hermann with itemized bills of the material furnished, said bills being quite numerous, and the first being dated March 19, 1912, and the last dated September 9, 1912. It appears from the itemized account introduced in evidence that about June 14th said bills showed the contractor to be indebted to Alamo Iron Works in the sum of more than $1,500; that on June 27th the indebtedness was about $1,200. Appellant knew that the Alamo Iron Works was continually furnishing material, and was shown the bills every time Hermann made estimates for him, which was every week or two.

3. The Alamo Iron Works gave appellant a complete itemized account on September 20, 1912, and filed a copy thereof in the county clerk's office on September 23, 1912. The last item on this account bears date September 9, 1912. It follows that said item amounting to $257.15 was furnished after Battaglia quit his contract, if appellant is correct as to the date when Battaglia quit, and, while doubtless contracted for by him, such material must have been used by appellant himself. H. D. Holmgreen, who delivered the copy to appellant, testified that appellant said he would see that Alamo Iron Works would be protected.

4. The Mackey Brick & Tile Company delivered to Hermann three bills, one dated June 28, 1912, showing all items, and showing a balance due of $1,242.50, one dated July 26, 1912, showing a balance due of $607.25, and another on August 15, 1912, which was a statement of all items furnished and all credits, and showed a balance due of $607.25. The bills dated June 28th and August 15th complied with the requirements of article 5623, R. S. 1911. These bills were shown appellant by Hermann when the next estimate was made after receiving them.

5. The Mackey Brick & Tile Company gave no other notice than the above, and did not file its sworn itemized account in the county clerk's office until December 24, 1912.

6. Hermann testified, and in deference to the judgment we find, that on June 28, 1912, appellant paid Battaglia $2,508; that between said date and September 7, 1912, he paid him $8,258.04, and after August 15, 1912, up to September 7, 1912, paid $2,394.41. Seeling admitted that he paid the $2,508 on June 28th, but testified he only paid $7,609.91 between June 28th and the time Battaglia quit the job, which he said occurred on September 7th, and that after Battaglia quit he paid $358.39 on the contract. He testified he paid extras to the amount of $800. At the same time he admitted Hermann's figures were correct, except a $400 item which bears date September 27th. We are unable to reconcile his figures with Hermann's, nor to reconcile his own statements. He testifies positively that on September 20th he only owed $10.52 on the contract, and when the amounts he testified to paying out on the contract are added the total is $99 less than the contract price.

7. Seeling contracted to pay Battaglia $24,695 for the completion of the building, and the contract provided for his holding back 20 per cent. until it was completed, which fact was known to Alamo Iron Works when they agreed to furnish material to the contractor. Appellant failed to hold back said amount.

### Opinion.

The assignments of error do not specifically complain of the judgment of the court, but simply assert that the evidence shows or fails to show certain facts, and we are left to infer that appellant believes the judgment is erroneous if such contentions are sustained. We do not believe that even under the

amendment to article 1612, R. S. 1911, made by the last Legislature these assignments are sufficient, but, for fear that it might be held that they "direct our attention to the error complained of," we will briefly consider the contentions made.

[1] The first three assignments of error relate to that portion of the judgment establishing and foreclosing a lien in favor of Alamo Iron Works. The propositions submitted are mere abstract propositions of law, but we gather from the assignments themselves that appellant contends no notice such as is required by article 5623, R. S. 1911, was served upon appellant until September 20, 1912, and that at said time he had paid out all of the contract price except about $10. This contention cannot be sustained, as is shown by our findings of fact above set out. Hermann was the agent of appellant in receiving notice of claims for material, and the itemized bills of this appellee, which complied with the requirements of said article 5623, were delivered to him and seen by appellant at various times when he had ample funds on hand unpaid upon the contract with which he could have paid such claim as well as that of the intervener herein. Through his agent he received notice every time a bill was made out, and he personally saw such bills every two weeks when estimates were furnished him.

[2] The fourth, fifth, and sixth assignments relate to that portion of the judgment establishing and foreclosing a lien in favor of the intervener, Mackey Brick & Tile Company. The contentions are as follows: (1) That intervener did not give Seeling written notice of its claim against the San Antonio Construction Company prior to December 23, 1912; (2) that the itemized sworn account filed by intervener with the county clerk of Bexar county was not filed for almost five months after the debt accrued, and therefore no lien was acquired by such filing; (3) that there is no evidence to show that the architect, Hermann, was the agent of Seeling upon whom legal notice could be served, and therefore itemized statements of the claim of intervener delivered to said architect did not constitute notice to Seeling as required by article 5623, Revised Statutes of 1911. The first and third contentions are disposed of adversely to appellant by our findings of fact. The second contention is without merit. The indebtedness accrued more than 90 days before the filing of the account, but notice thereof was given to appellant through his agent, Hermann, by means of itemized statements which appellant saw, at a time when he had ample funds in his hands out of the contract price to pay this claim and that of Alamo Iron Works, and under the decisions of our courts said intervener has not lost its lien by reason of the late filing thereof in the clerk's office; this not being a case involving the

rights of subsequent purchasers. Beilharz v. Illingsworth, 132 S. W. 109 and cases therein cited. Texas Builders' Supply Co. v. Beaumont Construction Co., 150 S. W. 770.

The judgment is affirmed.

CARL, J., did not sit in this case.