## FOUST v. SMITH & HELMS et al.
### (No. 6503.)

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1922.)

**1. Guaranty ⬦91—Evidence held insufficient to show guaranty.**

Evidence *held* insufficient to show a guaranty on which to base a recovery against a contract for lumber furnished to a subcontractor.

**2. Guaranty ⬦14—Consideration necessary.**

An agreement of a contracting firm guaranteeing payment by subcontractor must be supported by a consideration.

**3. Partnership ⬦147—Guaranty agreement signed by only one member of contracting firm and without other member's consent, not sufficient to base a recovery against firm.**

Where a guaranty of payment for lumber furnished to a subcontractor was signed by only one member of a contracting firm and without the authority or consent of the other member, no recovery could be had against the contracting firm as guarantors.

**4. Highways ⬦113(4)—One selling lumber to subcontractor has no lien therefor if he fails to comply with statute.**

One selling lumber to a subcontractor for use in construction has no lien therefor, where

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he fails to comply with the statute in securing and fixing the same.

**5. Highways ⬅113(4)—Where property on which foreclosure is sought for lumber sold to subcontractor is not identified, court can can foreclose.**

Where, in suit against a contractor and subcontractor, for lumber sold to the subcontractor, plaintiff fails to identify the property on which foreclosure is sought, he has no lien which the court can foreclose.

Appeal from Brown County Court; R. E. Lee, Judge.

Suit by C. G. Foust against Smith & Helms and another. From a judgment for named defendants, plaintiff appeals. Affirmed.

H. L. Taylor, of Waco, and E. C. Harrell, of Brownwood, for appellant.

JENKINS, J. Appellant brought this suit against W. T. Ramsey to recover of him for the price of lumber sold, and against Smith & Helms as guarantors in the transaction.

There is no statement of facts, but the case was tried before the court without a jury, and the court filed its findings of fact, which the attorneys in the cause have agreed shall be taken as the facts in the case; such findings of fact being as follows:

"(1) I find that Brown county, Tex., made an entered into a contract with the firm of Smith & Helms to construct a water-bound macadam road in said Brown county, said county to furnish rock and gravel and cement, and that Smith & Helms to perform all the labor incident to building said road.

"(2) I find that Smith & Helms sublet to W. T. Ramsey all the concrete work on said road that they were under contract with Brown county to build.

"(3) I find that the lumber described in the account sued on was sold and delivered by plaintiff to W. T. Ramsey and that said lumber was used by Ramsey in making forms for concrete work subcontracted by him on said road; that said lumber was reasonably worth the prices charged therefor, and that said account is past due and unpaid.

"(4) I find that plaintiff wrote Smith & Helms a letter, the contents now shown on trial, and that in reply thereto Smith & Helms, acting by Ed. Helms, a member of said firm, wrote plaintiff a letter, and that a portion of said reply only being produced and offered in evidence, the balance not being accounted for or contents thereof shown, the part produced and introduced in evidence being as follows: 'You want it. As for suing you—I can also sue you; you are to have cement here to Blanket, were you not? Well, my concrete outfit has been without it;, on several occasions could not work. If you can get cement we can get this part of it done and you may collect from Mr. Ramsey in about 20 days. I owe or will stand to see you do not lose your money for he is only subletting the work from me. But as for suing, you had better think, for I may come back at you. You have a contract I understand. Abide by it, or take what will come. Yours,

        "Smith & Helms, per E. M. Helms.'

"(5) I find that W. T. Ramsey claimed to have completed the concrete work subcontracted by him, as aforesaid, and that Smith & Helms received the same and paid him what was due him; that after receiving said concrete work from Ramsey, the engineers supervising said road work, claiming failure on part of Ramsey to comply with the specifications of said road, refused to receive said concrete work until the defects pointed out were cured; that Smith & Helms had to have said defects cured at a cost to them of about $1,500 and that Ramsey thereby became indebted to them in the sum of about said $1,500, which indebtedness still exists.

"(6) I find that plaintiff did not comply with the statutes of this state by giving notice of his claim and filing same as required by the law of this state.

"(7) I find that the evidence does not identify the material or structures in which used, except that it was used by Ramsey in making forms for concrete work on said road.

"(8) I find that Smith & Helms was a copartnership composed of Arthur Smith and Ed. Helms, and that copartnership was formed for the sole purpose of contracting for the building of public roads and highways.

"(9) I find that the alleged guaranty set forth in the fourth finding of fact was executed by Ed. Helms; that Arthur Smith, the other member of the firm of Smith & Helms knew nothing of it at the time, and did not authorize its execution and never ratified the same.

"(10) I find that the alleged guaranty set forth in the fourth finding of fact is wholly without consideration to support it; in other words, a mere nudum pactum."

[1-5] The court filed the following conclusions of law:

"Owing to the state of the evidence, as set forth in the fourth finding of fact, no guaranty of the account of W. T. Ramsey has been shown.

"(2) If the facts show a guaranty of the account of W. T. Ramsey, such guaranty, being without consideration, is not binding on the guarantors.

"(3) The guaranty having been executed by Ed. Helms, without authority from the other member of the firm, is not binding on Smith & Helms.

"(4) Plaintiff having failed to comply with the statute in securing and fixing a lien for material, has no materialman's lien for the lumber sold W. T. Ramsey and no claim on Smith & Helms therefor.

"(5) If wrong in the fourth conclusion of law, still plaintiff has no lien that this court can foreclose because the property upon which a foreclosure is sought is not identified.

"(6) Plaintiff under the facts is entitled to judgment against W. T. Ramsey for the amount of the account sued upon and for costs; that as to defendants, Smith & Helms, plaintiff should take nothing by his suit."

· Appellant, in his brief herein says:

"Appellant is not here complaining of the judgment of the court below, because it fails to ·decree a foreclosure .of his alleged material-man's lien, but his complaint is that the court below erred in refusing to render judgment in his favor against the appellees Smith & Helms, upon their guaranty of the payment of the amount due appellant for the lumber and material sold and delivered by him to W. T. Ramsey."

We approve the conclusions of law of the trial court; for which reason such judgment is here affirmed.

Affirmed.