**WISEMAN HARDWARE COMPANY,**
Appellant,

v.

**R. L. KING CONSTRUCTION CO., Inc.,**
et al., Appellees.

No. 16464.

Court of Civil Appeals of Texas.

Dallas.

Feb. 5, 1965.

J. M. Deavenport and Joe Loving, Jr., Dallas, for appellant.

Bailey & Williams, James A. Williams, Dallas, for appellees.

WILLIAMS, Justice.

James O. Wiseman, d/b/a Wiseman Hardware Company, brought this action against R. L. King Construction Company and the First Baptist Church of Lancaster, Texas, seeking to recover a money judgment against the defendants and to establish and foreclose a materialman's lien upon property owned by the defendant church. Judgment was rendered against R. L. King

Construction Company for the amount of the indebtedness. The church filed a motion for summary judgment which was sustained and it is from this order that Wiseman appeals.

The facts are undisputed. Appellee church, prior to April 1961, entered into a contract with R. L. King Construction Company, as general contractor, to do certain construction work on its property in Lancaster, Texas. Between the dates of January 4, 1962 and February 22, 1962 appellant Wiseman sold certain materials to R. L. King Construction Company which was incorporated into the construction work performed by the general contractor on the property of appellee church. The value of such materials, $1,377.70, remains unpaid. On March 23, 1962 Wiseman filed with the County Clerk of Dallas County what was alleged to be a verified account for the purpose of affixing a lien against the property of appellee church. In this affidavit Wiseman alleged that the account was just and reasonable and unpaid but did not allege same to be true "after allowing all just and lawful offsets, payments and credits known to affiant." The only itemization of materials alleged to have been supplied was "paint, painting supplies, and miscellaneous hardware supplies." The affidavit failed to reveal the dates of delivery or the amount due and owing and did not reveal the quantity or amount delivered on any given date. Thereafter, on September 6, 1962 appellant filed another verified account for the purpose of affixing a lien against the property of appellee church. In this affidavit there was an itemization of the claim together with the statement that the amount of such claim is just, reasonable and unpaid, and all credits and allowances have been made. After appellant furnished the materials appellee church, speaking through its pastor and agent, advised appellant that there was money in the contract which was adequate to cover appellant's claim. Thereafter, the general contractor defaulted on the contract and the appellee church called upon the surety company to complete the job or employ another contractor. Another contractor was hired to finish the job but such completion required more money than was left in the contract at the time of default by the original contractor. It was after default by the general contractor that appellee church received, by certified mail, an itemized account of the materials furnished.

Under these undisputed facts appellant contends (a) that both the original and supplemental lien affidavits filed by it were valid and therefore the court should have found that appellant had a statutory materialman's lien under Articles 5452 and 5453, Vernon's Ann.Civ.St.; and (b) that the court should have found that appellant had a constitutional lien under Article XVI, Section 37 of the Texas Constitution, Vernon's Ann.St. We cannot agree with appellant. When we apply the law to these undisputed facts it is clearly apparent that appellant had neither a statutory nor constitutional lien against appellee church and therefore the summary judgment was correctly sustained.

We consider first the question of constitutional lien. Art. 16, § 37, Constitution of Texas provides:

> "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Thus if one contracts with a person to furnish labor and material to improve his property and does not pay for it, then the laborer or materialman is entitled to assert his right against the property which he improved by his efforts or materials. Had the materials in this case been sold by appellant directly to the church no question against a constitutional lien could have been raised. But here the materials were not supplied to the owner of the property but to a general contractor.

In First Baptist Church of Tyler v. Carlton Lumber Co., Tex.Civ.App., wr. ref., 173 S.W. 1179, the materials were furnished to a general contractor, and not the owner, and the court in denying claim of constitutional lien said:

"Under the facts appellee was not itself the contractor with the owner of the building, but merely furnished to the contractor, under a contract separately and distinctly with the contractor so to do, the lumber and material for which the lien is claimed. The owner was no party to the contract of appellee with such contractor. The pertinent provision of the Constitution reads: (Art. 16, § 37 copied).

"It is concluded that the terms of the constitutional provision may fix and establish a lien on the property in favor of the principal contractor himself for the value of the material put in the building 'by him,' but does not extend and give to other persons between whom and the owner there is no privity of contract a lien upon the property for the value of the material furnished by them to the principal contractor. Shields v. Morrow, 51 Tex. 393; Horan v. Frank, 51 Tex. 401."

See also First Nat'l Bank v. Lyon-Gray Lumber Co., Tex.Civ.App., 194 S.W. 1146, affirmed Supreme Court, 110 Tex. 162, 217 S.W. 133; Huddleston v. Nislar, Tex.Civ. App., 72 S.W.2d 959; which deny the applicability of the constitutional lien in non-privity cases. Accordingly, we hold that appellant has not brought himself within the provisions of the Constitution relied upon and such claim of constitutional lien is denied.

The remaining question is whether appellant successfully affixed a statutory lien to appellee's property. Before entering into a discussion of the applicability of Arts. 5452 and 5453, V.A.C.S., it must be observed that we consider these statutes prior to their amendment, effective September 1, 1961. The contract in question was in effect prior to the amendment of the statutes and therefore we view these statutes as enacted in 1929.

Art. 5452, V.A.C.S. grants to suppliers of material and labor a statutory lien where such material or labor is supplied to general contractors. Art. 5453, V.A.C.S, § 3, provides for the affixing of such lien within ninety days after such indebtedness accrues. It is undisputed that appellant supplied the last material to the general contractor on February 22, 1962. Therefore, appellant would have had ninety days, or until May 23, 1962, to affix a lien to the property by filing a proper affidavit in accordance with Art. 5453, V.A.C.S. The attempted filing of the lien on March 23, 1962 wherein as stated above, there is no itemization nor dates given, fails to meet the requirements of the law. The law requires that the affidavit to be filed with the county clerk shall contain a sworn, itemized account. The account so filed by appellant does not attempt to itemize the claim in any particular. In Aetna Casualty & Surety Co. v. Hawn Lumber Co., Sup.Ct., 128 Tex. 296, 97 S.W.2d 460, the court said:

"The purpose of itemization is to enable all parties dealing with the contractor to determine from time to time as the work progresses 'for what the lien is claimed, whether for work and labor, and if so the nature of it, when performed, and at what price; or materials, and if so, the kind, quality, and price and when furnished or delivered; or both labor and materials, and if so the kind, quality, the price of each and when performed or furnished.'"

See also Capitol Steel & Iron Co. v. Standard Accident Ins. Co., Tex.Civ.App., 299 S.W.2d 738; Meyers v. Wood, S.Ct., 95 Tex. 67, 65 S.W. 174; and Ball v. Davis, S. Ct., 118 Tex. 534, 18 S.W.2d 1063.

Cases relied upon by appellant such as Pool v. Wedemeyer & Schulte, S.Ct., 56 Tex. 287; Hemphill v. Gleason, Tex.Civ.

App., 272 S.W. 275; and Royal Indemnity Co. v. American Dist. Steam Co., Tex.Civ. App., 88 S.W.2d 1091, are distinguishable in that those cases dealt with a contract for a "turn key" job or a contract for a specific type of work, unlike the contract here which involved an open account for various items supplied from time to time to a general contractor. We therefore hold that appellant's effort to affix his lien by filing the notice on March 23, 1962 was ineffective.

Appellant acknowledged the possibility of the ineffective notice and claim filed on March 23, 1962, within the ninety-day period as provided by the statute, by again filing a second lien affidavit on September 9, 1962, more than the ninety-day period provided by law. The Supreme Court of Texas in Quinn v. Logan, 67 Tex. 600, 4 S.W. 247, and Cameron v. Marshall, 65 Tex. 7, answered the question presented contrary to appellant's contention. In those cases the court held that the making of a record of the contract within the time prescribed by the statute was essential to securing a lien and further held that the time limit was not flexible. See also Denny v. White House Lumber Co., Tex.Civ.App., 40 S.W.2d 250, modified on other grounds by the Supreme Court, 54 S.W.2d 86; Foust v. Smith & Helms, Tex.Civ.App., 246 S.W. 106; Kellam v. Hardin, Tex.Com.App., 285 S.W. 611; and Ball v. Davis, S.Ct., 118 Tex. 534, 18 S.W.2d 1063.

■ Appellant relies upon such cases as Seeling v. Alamo Iron Works, Tex.Civ. App., 173 S.W. 520; and Beilharz v. Illingsworth, Tex.Civ.App., 132 S.W. 106. In both of these cases it was undisputed that funds were held by the owner, owed to the contractor, and did not involve the situation as in this case where there was no money left in the hands of the owner belonging to the general contractor, but instead there had to be applied additional funds in order to complete the building. We do not have here a situation, as in Seeling and Beilharz, supra, where there was ample money to be distributed out of the contract price over and above the cost of completion. In such cases a late filing was held to be sufficient so that the claimant could participate in the distribution of the remaining funds. It is without dispute in this case that there were not sufficient funds to complete the job and to pay all claimants. Accordingly, the late filing of the second lien affidavit was a futile thing.

The judgment of the trial court is affirmed.

Affirmed.