**HADEN COMPANY, INC., Appellant,**

v.

**MIXERS, INC., Appellee.**

**No. 05–82–01331–CV.**

Court of Appeals of Texas, Dallas.

Feb. 21, 1984.

Robert M. Clark, Smith, Underwood, Carmichael & Floyd, Dallas, for appellant.

Dewey M. Dalton, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and ROWE, JJ.

ROWE, Justice.

This is a materialmen's lien case. Haden Company, as the supplier of overhead doors to the general contractor on a building project, sued Mixers, Inc., as the owner of the building, to recover the invoice price of the doors and to foreclose a materialmen's lien against the property on which the building was constructed. Haden sought to hold Mixers liable because of its failure to comply with the retainage requirements of TEX.REV.CIV.STAT.ANN. art. 5469 (Vernon Supp.1982–1983). Trial before the court resulted in a take-nothing judgment. In its first point of error, Haden contends the trial court erred in holding as a matter of law that the lien affidavit filed by Haden was not sufficient to fix a lien on the property owned by Mixers or to make Mixers indebted to Haden. We hold that the lien affidavit was not sufficient and overrule this point. Although fourteen additional points of error are asserted, each of these points presupposes the affidavit was sufficient to fix a lien and is necessarily rendered moot by our approval of the trial court's holding. Accordingly, we affirm the take-nothing judgment.

We agree with Haden that when an owner fails to retain the 10% required by article 5469, the materialmen who have complied with TEX.REV.CIV.STAT.ANN. art. 5453 (Vernon Supp.1982–1983) are entitled to recover against the owner "at least to the extent of the aforesaid fund of 10% which should have been retained." *General Air-Conditioning Co. v. Third Ward Church of Christ*, 426 S.W.2d 541 (Tex. 1968). We cannot agree, however, that Haden has complied with the requirements of article 5453 because the lien affidavit referred to in that article must in turn meet the following formal standards prescribed by TEX.REV.CIV.STAT.ANN. art. 5455 (Vernon Supp.1982–1983):

> An affidavit claiming a lien filed for record by any one claiming the benefit of this Act shall be signed by the claimant or by some person on his behalf and shall contain in substance the following:
>
> \* \* \* \* \* \*
>
> c. A general statement of the kind of work done or materials furnished by him, or both. It shall not be necessary to set forth the individual items of work done or material furnished or specially fabricated. Any abbreviations or symbols customary in the trade may be used.

In the lien affidavit filed by Haden the "labor and materials" furnished are described on an attached invoice merely as:

5—12'2″ × 14'1″ O.H.Std.M.G. $3,328.00. If these abbreviations or symbols are customary in the construction trade, that usage is not so generally known as to be the subject of judicial notice. Where the usage is known, if at all, only by a specially informed class of persons, that fact must be established by pleadings and proof. *Kennedy v. General Geophysical Co.*, 213 S.W.2d 707, 710 (Tex.Civ.App.—Galveston 1948, writ ref'd n.r.e.); *McDade v. Girardy*, 242 S.W. 1061, 1066 (Tex.Civ.App.—Beaumont 1922, no writ); *Missouri K & T Ry. Co. of Texas v. Ryon*, 177 S.W. 525, 528 (Tex.Civ.App.—Dallas 1915, writ ref'd). The record however, is devoid of explana-

tion of what, if anything, these abbreviations customarily refer to in the trade.

The purpose of a lien affidavit and its recordation is to give fair notice to third parties of that for which a lien is claimed. *See Wiseman Hardware Co. v. R.L. King Construction Co.,* 387 S.W.2d 79 (Tex.Civ.App.—Dallas 1965, no writ); 57 C.J.S. *Mechanics' Liens* § 131(4)b (1948). The method presently authorized under article 5455 for giving notice in a general way without itemization still contemplates something meaningfully descriptive and, to say the least, something intelligible. Gibberish will not suffice. While we can take judicial notice that ' refers to feet and " refers to inches, the unexplained abbreviations "O.H.Std.M.G." fall short of the "general statement" contemplated by the statute. Because the contents of the affidavit fail to comply substantially with the prescribed statutory requirements, no lien was perfected. *Matthews Construction Co. v. Jasper Housing Construction,* 528 S.W.2d 323, 329 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). *See Crockett v. Samson,* 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ). Because Haden's rights to relief are dependent upon a duly perfected lien, the trial court properly denied Haden the relief it sought.

Affirmed.