**CROW–WILLIAMS, I, et al., Appellants,**

v.

**FEDERAL PACIFIC ELECTRIC COMPANY, Appellee.**

No. 05–83–01191–CV.

Court of Appeals of Texas, Dallas.

Dec. 4, 1984.

Marc H. Fanning, Dallas, for appellants.

James H. Moody, III, P. Michael Jung, Strasburger & Price, Dallas, for appellee.

Before STOREY, VANCE and ALLEN, JJ.

STOREY, Justice.

The issue in this appeal is whether an insurance contract provision waiving subrogation rights against a general contractor, subcontractor, and sub-subcontractor also waived subrogation rights against a materialman. The trial court granted summary judgment for the materialman, Federal Pacific Electric. Crow-Williams I submits that the trial court erred in not finding that (1) as a matter of law, a materialman is not a subcontractor; (2) whether Federal Pacific is a subcontractor is a question of fact; and (3) the words "subcontractors and sub-subcontractors" are ambiguous, thus creating a fact question. Because we hold that, as used in the contract, the word "subcontractor" as a matter of law includes materialmen, we affirm the judgment of the trial court.

Harbor Insurance Company insured Crow-Williams I under a builder's risk policy. The policy provided, in relevant part, a waiver of Harbor's subrogation rights against "Henry C. Beck Co., its subcontractors and sub-subcontractors." During construction of the building there was a fire caused, allegedly, by a defective electrical bus duct manufactured and supplied by Federal Pacific. Federal Pacific supplied the bus duct system to Fisk Electric Co., a subcontractor of Beck Co. Harbor, in the name of Crow-Williams I, brought a products liability suit against Federal Pacific to recover the amount paid under the insurance policy.

■ Crow-Williams I contends that the term "subcontractor" has many meanings and, thus, is ambiguous. Whether a contract term is ambiguous is a question of law. *R & P Enterprises v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517 (Tex.1980). While "subcontractor" has been defined in other states for purposes of mechanic's liens, contractor bonds, and other statutory schemes for securing compensation, *see* Annot., 141 A.L.R. 321 (1942), these definitions are technical, divergent, and developed for specific purposes. We do not find these definitions persuasive in the context of contract interpretation, and we hold that

the word "subcontractor," as used in this contract, is not ambiguous.

■ Terms used in an insurance contract are to be given their plain and ordinary meaning unless the context reveals strong reason for attaching another meaning. *Ramsay v. Maryland American General Ins. Co.,* 533 S.W.2d 344 (Tex.1976). We find no indication in the contract that a technical or narrow meaning of "subcontractor" was contemplated. Indeed, inclusion of the word "sub-subcontractor" in the waiver clause indicates that a considerable depth of parties was contemplated and that the waiver was not meant to extend to only those who contracted directly with the prime contractor.

Thus, the issue before the court under the circumstances presented here is whether a materialman falls within the plain and ordinary meaning of "subcontractor." Crow-Williams I contends that a materialman is not a subcontractor as a matter of law and submits the case of *Huddleston v. Nislar,* 72 S.W.2d 959 (Tex.Civ.App.—Amarillo 1934, writ ref'd n.r.e.). That case relied on several foreign authorities and *Corpus Juris* to hold that the materialman who contracted to deliver crushed rock to the construction company who had contracted with the State to improve certain roads was not a subcontractor. *Huddleston,* 72 S.W.2d at 962.

We disagree with the authorities cited by that court and their logic. The fault lies in assuming the two words, "subcontractor" and "materialman," to be mutually exclusive. In the construction industry, performance requires the furnishing of both labor and materials. Yet *Huddleston* stands for the proposition that neither laborers nor materialmen can be contractors or subcontractors. *Huddleston,* 72 S.W.2d at 962. We cannot agree with this proposition. The ultimate effect of such proposition would be to require that a laborer must furnish materials and a materialman must furnish labor before either could be considered a subcontractor. This defies reason and ignores present-day construction practice. For example, a framer gen-

erally furnishes only labor, as do the sheet-rocker, the bricklayer, and other skilled trades. Yet these functions are routinely bid to the contractor and subcontracted by him.

 In the same manner, materials are bid to the contractor and form the *basis* for his bid, that is, his offer, to furnish the necessary labor and materials to complete construction. The materialman, no less than the laborer, becomes bound to the contractor to furnish certain materials to specification at a price certain. We perceive no reason in logic to make a distinction between the labor contract and the material contract. Thus, we conclude that, here, Federal Pacific Electric was a subcontractor.

Furthermore, *Huddleston* was interpreting the Texas Mechanic's Lien Law, Liens for Laborers and Materialmen on Property of Owners and Lessees of Oil and Mineral Lands, ch. 17, 1917 TEX.GEN.LAWS 28, *repealed by* Acts 1983, ch. 576, § 6 1983 TEX.GEN.LAWS 3729, 3730, which at that time did not define subcontractor. Since then the legislature has superseded the *Huddleston* holding with its own definition of subcontractor: "A person who has furnished labor *or materials* to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract." TEX.PROP.CODE ANN. § 53.001(10) (Vernon 1983) (emphasis added). The legislature's definition is only a more explicit phrasing of the word's ordinary meaning. "A materialman or supplier, according to the general usage of the terms, can be and often is a 'subcontractor.' ..." 10 J. Appleman & J. Appleman Insurance Law & Practice § 5867 at 193 (1981). A "subcontractor" is known as "an individual or business firm contracting to perform part or all of another's contract," Webster's New Collegiate Dictionary 1158 (1976), or "one who takes a portion of a contract from a principle contractor or another subcontractor." Black's Law Dictionary 1277 (rev. 5th ed. 1979).

We hold that the word "subcontractor" is not ambiguous; it has one ordinary meaning. In the ordinary sense of the word, "subcontractor" includes an entity in the position of Federal Pacific, a materialman. Both parties agree that Federal Pacific contracted to supply an electrical bus duct system to Fisk for the purpose of fulfilling part of Fisk's electrical responsibilities under a particular building contract with Beck. Because these facts are undisputed, we find no issue for the jury to decide.

 Because we hold that a materialman falls within the insurance policy's waiver clause, the contract's recitation of consideration is sufficient to support the relinquishment of subrogation rights against Federal Pacific. Crow-William's contention that a finding that Federal Pacific is included in the waiver of subrogation clause would violate the rule against indemnifying one against one's own negligence and would be an application of the unity of release rule is without merit.

Affirmed.